**PAS, INC., Appellant,**

v.

**Cory ENGEL, April Engel, and Caputech, Inc., Appellees.**

No. 14–10–00513–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 28, 2011.

John Edward Maher, John C. Juravich, Houston, for appellant.

Steven O'Neal Grubbs, Richard A. Sheehy, Houston, for appellees.

Panel consists of Justices BROWN, BOYCE, and JAMISON.

## OPINION

MARTHA HILL JAMISON, Justice.

In this employment dispute, appellant PAS, Inc. appeals the trial court's order granting summary judgment in favor of appellees Cory Engel (Engel), April Engel (April), and Caputech, Inc. In ten issues, PAS contends that the trial court erred in disposing of its claims for breach of fiduciary duty, breach of contract, fraud, and civil conspiracy. We hold that the trial court improperly granted summary judgment on PAS's claim for breach of fiducia-ry duty and, in part, on its fraud claims. We therefore affirm in part and reverse and remand in part the trial court's summary judgment.

### Background

PAS provides consulting services to process and power companies. The services are intended to help companies improve safety, reliability, and profitability at their plants. Engel worked at PAS as its vice president of sales, with overall management of sales activities in North and South America. Engel previously had worked for Canadian company Matrikon, Inc., a competitor of PAS.

### 1. The employment dispute

Before Engel's employment began, Engel and PAS executed an employment agreement on March 1, 2006, that contains a two-year non-compete clause and provisions addressing confidential and trade-secret information belonging to PAS (the 2006 Agreement). The 2006 Agreement expressly provides that, during the employment relationship and for two years following its termination, Engel would not, without prior written approval of PAS,

> ... as an officer, director, partner, associate, owner, employee, consultant or otherwise, be engaged by any person or entity that sells specific products or services in competition with [PAS] ... [This is intended] (1) to limit his engagement in companies with specific competitive products or services that are generally acknowledged as competitors to PAS; (2) to restrict [his] work from sales or management functions similar to those done at PAS; and (3) to restrict [him] from working in the markets that [he] shall be charged with responsibility for while working at PAS.

Matrikon was specifically named as one of the "generally acknowledged" competitors.

The 2006 Agreement expressly states that "it does not alter or change the 'at will' nature of the employment relationship."

Engel began work at PAS on April 3, 2006. The parties agree that from April 2006 until fall 2007, Engel appeared to be satisfied with his employment at PAS. During that time, it is undisputed that PAS gave Engel trade-secret and highly confidential information related to PAS's business. In September 2007, however, Engel became increasingly dissatisfied with PAS and openly expressed his frustrations to PAS's CEO Eddie Habibi. Over the next several months, Engel and PAS attempted to resolve these frustrations. During the course of these discussions, Engel requested that PAS renegotiate his non-compete agreement. In an email to Habibi dated February 25, 2008, Engel states the following:

Eddie, sorry to make [the 2006 non-compete] an issue, but it does bother me as we discussed. I'm not looking to harm PAS or any shareholders and am not looking to resign, but do not want to feel trapped. I am sure I did not agree to this, but would be happy to work through an appropriate document that captures the spirit of our discussions.

During this time, Engel also told Habibi that he intended to remain with PAS.

According to Habibi, in February 2008, Engel communicated with an employee of Matrikon about creating a business entity that would be an exclusive reseller of Matrikon products. Engel also collaborated with the Matrikon employee in selecting the name Caputech for Engel's new company.[1] Engel did not disclose to PAS any discussions with Matrikon or the creation

of Caputech during the renegotiation process.

On March 11, 2008, PAS and Engel executed a new non-compete agreement (the 2008 Agreement). The 2008 Agreement shortened the term of the non-compete clause from two years to 18 months and also narrowed the scope of the covenant not to compete. Engel agreed that, without prior written approval of PAS, he would not

(1) start or become an employee, owner, consultant, or contractor with a start up company competing with PAS in the fields of alarm management only as it pertains to D & R services, alarm shelving, alarm flood suppression, and state based alarming products and services, and in the field of automation asset configuration management; or (2) become an employee, consultant, or contract employee with his former employer, Matrikon, Inc., its parents, subsidiaries, affiliates, joint ventures, or successors....

Habibi stated that PAS would not have renegotiated the 2006 Agreement for the more narrow terms in the 2008 Agreement if PAS had known that Engel already had set up a new business and intended to resign.

On March 20, 2008, nine days after the execution of the 2008 Agreement, Engel submitted his resignation to PAS, effective April 25, 2008. Engel stated that "the primary reason for my decision is my belief that there is no compelling future with PAS." Engel incorporated Caputech on March 24, 2008. The certificate of formation lists Engel and April as the directors of the company. Caputech then entered into an "Exclusive Reseller Partner Agreement" with Matrikon under which Capu-

---

1. Engel stated in his deposition that he had not decided on the name Caputech before March 11, 2008. He also indicated that he did not contact Matrikon regarding becoming

a reseller of Matrikon products until after he resigned. Habibi's affidavit contradicts these statements.

tech agreed to sell Matrikon products and services. Engel maintains that he has not been an employee, consultant, or contract employee of Matrikon and that Caputech does not compete with PAS in the "fields of alarm management only as it pertains to D & R services, alarm shelving, alarm flood suppression, or state based alarming products and services or the field of automation asset configuration management." Thus, Engel asserts that the 2008 Agreement allows him to operate Caputech.

### 2. The resulting litigation

PAS sued Engel, April, and Caputech on June 10, 2008, after learning of Caputech and the exclusive reseller agreement with Matrikon. PAS asserted claims for breach of the 2008 Agreement, intentional interference with Engel's 2008 employment agreement, theft of trade secrets, fraud, and civil conspiracy. Over the course of the litigation, PAS amended its pleadings so that, at the time of summary judgment, it had asserted claims for (a) breach of the 2006 Agreement or, in the alternative, breach of the 2008 Agreement, (b) intentional interference with Engel's employment agreement, (c) fraud, (d) civil conspiracy, and (e) breach of fiduciary duty. Engel, April, and Caputech filed a general denial, asserted the affirmative defense of failure of consideration, and asserted a counterclaim for wrongfully obtaining a temporary restraining order.

On October 26, 2009, Engel, April, and Caputech filed their Defendants' First Amended Traditional and No Evidence Motion for Summary Judgment (the Summary Judgment Motion). The Summary Judgment Motion sought to defeat PAS's claims of breach of the 2006 Agreement on grounds that the 2006 Agreement had been superseded by the 2008 Agreement and PAS was estopped from denying the validity of the 2008 Agreement. The motion then sought to defeat PAS's claims of breach of the 2008 Agreement on grounds that the 2008 Agreement's non-compete clause failed for lack of consideration and that Engel was not violating the 2008 Agreement. The motion also sought a no-evidence summary judgment on PAS's claims for (a) breach of both contracts, (b) intentional interference with Engel's employment agreement, (c) fraud, (d) civil conspiracy, and (e) theft of trade secrets.[2] It is undisputed that the Summary Judgment Motion did not seek summary judgment on PAS's breach of fiduciary duty claim. PAS timely responded to the Summary Judgment Motion, and alleged, among other things, that the 2008 Agreement was fraudulently induced and thus could not negate the 2006 Agreement. The appellees filed a reply in support of their motion.

### 3. The trial court's judgment

The trial court granted the Summary Judgment Motion on all of PAS's claims. The court held that PAS could not succeed on its fraudulent inducement claim asserted as a defense to the formation of the 2008 Agreement, because even if Engel failed to disclose his plans or affirmatively misrepresented his plans, "[PAS] did not reasonably or justifiably rely on any contention that [Engel] would remain with [PAS] for any period of time." The court's finding was premised on the undisputed fact that Engel's employment with PAS was at-will. The trial court concluded that Engel's at-will status foreclosed a fraud claim based on Engel's asserted early de-

---

2. By the time of summary judgment, PAS no longer asserted a claim for theft of trade secrets.

parture from PAS.[3]

The trial court granted no-evidence summary judgment on the breach of contract claim, holding that the 2008 Agreement was the operative agreement and PAS had failed to present evidence of a breach by Engel of the 2008 Agreement. Again looking only to the 2008 Agreement, the trial court granted no-evidence summary judgment on PAS's claims of intentional interference with Engel's employment agreement, civil conspiracy, and breach of the non-solicitation clause in the 2008 Agreement. The trial court also granted no-evidence summary judgment on the theft of trade secret claim, which had been deleted from PAS's live pleading by the time of summary judgment. This appeal followed.

### Standard of Review

PAS claims that the trial court erred in granting the Summary Judgment Motion, both as to the no-evidence and traditional summary judgment challenges. We review summary judgments de novo. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005). When a party seeks summary judgment on both no-evidence and traditional grounds—which is sometimes called a hybrid summary judgment motion—we first review the trial court's summary judgment under the no-evidence standard of Texas Rule of Civil Procedure 166a(i). *Ford Motor Co. v. Ridgway,* 135 S.W.3d 598, 600 (Tex.2004). If the nonmovant fails to produce more than a scintilla of evidence raising a genuine fact issue on the challenged elements of his claims, then there is no need to analyze whether the movant's summary-judgment proof on the same claim satisfied the traditional summary-judgment burden of proof under Texas Rule of Civil Procedure 166a(c). *Id.*

A no-evidence motion for summary judgment under Rule 166a(i) is essentially a motion for a pretrial directed verdict. Tex.R. Civ. P. 166a(i); *Timpte Indus., Inc. v. Gish,* 286 S.W.3d 306, 310 (Tex.2009). After an adequate time for discovery, a party without the burden of proof may, without presenting evidence, seek summary judgment on the ground that there is no evidence to support one or more essential elements of the nonmovant's claim or defense. Tex.R. Civ. P. 166a(i); *All Am. Tel., Inc. v. USLD Commc'ns,* 291 S.W.3d 518, 526 (Tex.App.-Fort Worth 2009, pet. denied). The motion must specifically state the elements for which there is no evidence. Tex.R. Civ. P. 166a(i); *Timpte Indus., Inc.,* 286 S.W.3d at 310; *All Am. Tel., Inc.,* 291 S.W.3d at 526. The trial court is required to grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. Tex.R. Civ. P. 166a(i).

A traditional summary judgment under Rule 166a(c) is properly granted only when the movant establishes that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex.2003). To determine if the nonmovant raises a fact issue, we review the evidence in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could do so, and disre-

---

**3.** The trial court based its ruling on Texas case law that an employee may not rely on an employer's promise of continued employment in an at-will employment relationship, finding, "Certainly, if an employee is barred from claiming fraud or fraudulent inducement in this instance, the employer would likewise be barred from claiming that they justifiably relied on the employee remaining on the job for any definite period." *See, e.g., Collins v. Allied Pharm. Mgmt., Inc.,* 871 S.W.2d 929, 937 (Tex.App.-Houston [14th Dist.] 1994, no writ).

garding contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex.2005). A defendant who conclusively negates a single essential element of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex.2010). In reviewing either a no-evidence or traditional summary-judgment motion, we must take as true all evidence favorable to the nonmovant and draw every reasonable inference and resolve all doubts in favor of the nonmovant. *Mendoza v. Fiesta Mart*, 276 S.W.3d 653, 655 (Tex.App.-Houston [14th Dist.] 2008, pet. denied).

### *Discussion*

We address the following claims that are before this court on appeal: (a) breach of fiduciary duty, (b) fraud, (c) breach of the 2006 and 2008 Agreements, and (d) civil conspiracy. PAS does not challenge the trial court's order granting summary judgment on PAS's claim of intentional interference with Engel's employment agreement. We, therefore, affirm the summary judgment on that claim. *See Jacobs v. Satterwhite*, 65 S.W.3d 653, 655 (Tex. 2001).[4] For reasons discussed fully below, we further reach the following conclusions.

- The trial court erred in granting summary judgment on PAS's breach of fiduciary duty claim because it was not raised in the Summary Judgment Mo-

tion. PAS complains of this omission on appeal.

- The trial court properly granted summary judgment on PAS's fraud claim based on the alleged misrepresentation that Engel would remain working at PAS, but erred in granting summary judgment on the fraud claim based on Engel's failure to disclose his plan to form a new company, Caputech, that would work with PAS's competitor, Matrikon. We affirm as well the trial court's grant of summary judgment on PAS's fraud claims based on Engel's affirmative representations that he would not form a new company or work with PAS's competitor; although these claims were not addressed in the Summary Judgment Motion, PAS does not complain on appeal that summary judgment was improper as to these claims.

- The trial court's grant of summary judgment in favor of Engel on PAS's claim for breach of the 2008 Agreement is affirmed, but the grant of summary judgment on PAS's claim for breach of the 2006 Agreement was improper.

- The trial court properly granted summary judgment on the civil conspiracy claim.

### 1. *The breach of fiduciary duty claim*

In its first and second issues, PAS asserts that the trial court erred in granting summary judgment on its breach of fiduciary duty claim because that claim was not addressed by the Summary Judgment Motion.[5] We agree.

---

**4.** It does not appear that the trial court expressly addressed the counterclaim for wrongfully obtaining a temporary restraining order. The trial court's order on summary judgment, however, states that it is a final judgment and disposes of all parties and all claims. Thus, the order disposed of the counterclaim. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 200 (Tex.2001). That ruling has not been appealed; thus, the trial court's or-

der disposing of the counterclaim is final and appealable. *See id.*

**5.** Appellees state, without supporting argument, that summary judgment as to the fiduciary duty claim should be affirmed because PAS complains only of the omission of this claim from the Motion for Summary Judgment and does not challenge the propriety of summary judgment on the merits. We dis-

■ Issues not expressly presented to the trial court by written motion for summary judgment cannot be considered as grounds to affirm or reverse the trial court's judgment. Tex.R. Civ. P. 166(a)(c); *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993) ("A motion must stand or fall on the grounds expressly presented in the motion."). It is well-settled that a trial court errs when it grants summary judgment on a claim not addressed in the motion for summary judgment. *See Jacobs,* 65 S.W.3d at 655 (" '[I]f a defendant moves for summary judgment on only one of [multiple] claims asserted by the plaintiff, but the trial court renders judgment that the plaintiff take nothing on all claims asserted, the judgment is final—erroneous, but final.' ") (second alteration in original) (citing *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 200 (Tex.2001)); *Wilson v. Davis,* 305 S.W.3d 57, 73 (Tex.App.-Houston [1st Dist.] 2009, no pet.) ("It is thus generally reversible error for a trial court to render summary judgment on a claim not addressed in the summary-judgment motion.").

■ It is undisputed that the Summary Judgment Motion did not address the breach of fiduciary duty cause of action. Appellees assert that the failure to move for summary judgment on that claim was "because PAS asserted the claim ... in an amended pleading filed after appellees filed their motion for summary judgment." We note, however, that PAS filed its First Amended Petition before the Summary Judgment Motion was filed and alleged a claim for breach of fiduciary duty. PAS amended its pleading again almost two months before the Summary Judgment Motion was heard, to assert more details regarding the claim. It was error for the

trial court to grant summary judgment on a claim properly before the court at the time of the hearing that was not addressed by the Summary Judgment Motion. *See* Tex.R. Civ. P. 166a(c); *see also* Tex.R. Civ. P. 63 (allowing parties to amend pleadings up to seven days before trial). The appellees arguably asserted a challenge to that claim in their reply, but a movant may not use its reply to amend its motion for summary judgment or to raise new and independent summary-judgment grounds. *Reliance Ins. Co. v. Hibdon,* 333 S.W.3d 364, 378 (Tex.App.-Houston [14th Dist.] 2011, pet. filed). The trial court, therefore, erred in granting summary judgment on PAS's breach of fiduciary duty claim.

Appellees argue that this court should nevertheless affirm the summary judgment because (1) under a "common ground" analysis, the breach of fiduciary duty claim fails for the same reason as the fraud claim; (2) the breach of fiduciary duty claim was tried by consent; and (3) PAS waived its right to complain of the trial court's error. We address each of these contentions in turn.

### a. The "common ground" argument

There are limited exceptions, recognized by some intermediate appellate courts, to the general rule that a trial court may not properly grant summary judgment on claims not addressed in the motion for summary judgment. As the First Court of Appeals recently explained, the limited exceptions can be reduced to two: (1) when the movant has conclusively proved or disproved a matter (usually corresponding to an element of a claim or to an affirmative defense) that also would preclude the unaddressed claim as a matter of law; or (2) when the unaddressed claim is deriva-

agree. PAS need not address the merits in order to contend that summary judgment cannot properly be granted as to a cause of

action that was not addressed in the summary judgment motion. *See McConnell,* 858 S.W.2d at 341.

tive of the addressed claim and the movant proved its entitlement to summary judgment on the addressed claim. *Wilson,* 305 S.W.3d at 73. The application of an exception requires "a very tight fit" between what was proved or disproved in the motion and what elements must be proved or disproved for the unaddressed claim. *See id.*

■ Appellees assert that, under the "common ground" argument, the fiduciary duty claim must fail for the same reason as the fraud claim—because Engel's employment was at-will, PAS could not have reasonably or justifiably relied on any statement by Engel that he intended to remain with PAS. Appellees contend that the fraud claim and the fiduciary duty claim arise from the same facts; therefore, according to appellees, the lack of justifiable reliance to support a fraud claim also precludes the fiduciary duty claim. We disagree.

■ The elements of a breach of fiduciary duty claim are (1) a fiduciary relationship between the plaintiff and defendant, (2) a breach by the defendant of his fiduciary duty to the plaintiff, and (3) an injury to the plaintiff or benefit to the defendant as a result of the defendant's breach. *Lundy v. Masson,* 260 S.W.3d 482, 501 (Tex.App.-Houston [14th Dist.] 2008, pet. denied). Unlike a fraud claim, a claim for breach of fiduciary duty does not require a plaintiff to establish reliance. *See id.* (listing elements of the claims). Consequently, the fact that at-will employment precludes PAS from establishing justifiable reliance for purposes of its fraud claim on alleged statements by Engel regarding future employment with PAS, *see infra* at Part 2.a., does not bar its breach of fiduciary duty claim. *See Wilson,* 305 S.W.3d at 74–75 (although similarity existed "in the abstract" between the elements of the two claims, claims had different

elements and thus exception did not apply); *see also Lundy,* 260 S.W.3d at 506–07 (fraud and breach of fiduciary duty claims, although based on the same set of facts, were separate theories of liability for which plaintiff had to make an election of remedies).

### b. *The trial by consent argument*

Appellees next assert that summary judgment was proper because breach of fiduciary duty was tried by consent. Trial by consent may be appropriate in some limited summary judgment contexts. *See Roark v. Stallworth Oil & Gas Inc.,* 813 S.W.2d 492, 495 (Tex.1991); *Marshall v. Toys–R–Us Nytex, Inc.,* 825 S.W.2d 193, 195 (Tex.App.-Houston [14th Dist.] 1992, writ denied). Appellees cite several examples of summary judgments that were granted or denied based on *unpleaded affirmative defenses,* but, in those cases, the *grounds* for summary judgment were included in the motions. *See, e.g., Roark,* 813 S.W.2d at 495 (holding "unpleaded affirmative defense may also serve as the basis for a summary judgment when it is raised in the summary judgment motion, and the opposing party does not object to the lack of a rule 94 pleading"); *Marshall,* 825 S.W.2d at 195 (upholding summary judgment on unpleaded affirmative defense); *Nicholson v. Mem'l Hosp. Sys.,* 722 S.W.2d 746, 749 (Tex.App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.) ("If the affirmative defense is not specifically pled, but competent summary judgment evidence establishes a genuine issue of material fact with regard to that affirmative defense, summary judgment is improper."); *see also Via Net v. TIG Ins. Co.,* 211 S.W.3d 310, 313 (Tex.2006) (holding that when movant responded to unpleaded affirmative defense without objecting, that issue was tried by consent). Appellees, similarly, cite a case in which the grounds

on which summary judgment was sought were incorporated into the motion by reference without objection. *See Segal v. Emmes Capital*, 155 S.W.3d 267, 272 & n. 6 (Tex.App.-Houston [1st Dist.] 2004, pet. dism'd) (recognizing that all parties, without objection, filed summary judgment motions and responses that did not themselves state any grounds but incorporated by reference equivalent motions citing grounds).

These cases are all premised on the notion that the opposing party had an opportunity to—but did not—object to an unpleaded issue. They do not stand for the proposition that when a party omits a ground on which summary judgment is sought, that ground may be tried by consent, which might require the nonmovant to anticipate and respond to grounds that were not raised in the motion. We decline to create such a rule today. *See* Tex.R. Civ. P. 166a(c); *Marshall*, 825 S.W.2d at 195 ("The judgment of the trial court cannot be affirmed on any grounds not specifically presented in the motion for summary judgment.").

■ Even assuming that trial by consent could apply under these facts, we do not believe the breach of fiduciary duty claim was tried by consent. In its response to the Summary Judgment Motion, PAS listed the elements of a fraud claim and argued that Engel's status as a fiduciary gave rise to a duty to disclose certain facts to PAS. PAS argued Engel committed fraud by failing to disclose his plans and that his status as a fiduciary gave rise to his duty to disclose those plans. In their reply, the appellees argued Engel did not owe PAS a duty, fiduciary or otherwise, to disclose his plans to compete. The trial court, in its order, assumed *arguendo* that Engel owed a fiduciary duty to disclose, but found even a breach of that duty did not amount to fraud because of the at-

will employment status of Engel. The trial court did not expressly rule upon the fiduciary duty claim.

Although the parties clearly discussed fiduciary duties of disclosure regarding Engel's plans for future competition, there was neither discussion of the elements of the claim, nor discussion of the specific fiduciary-related allegations in PAS's pleadings. Under these circumstances, it is not clear that the breach of fiduciary duty claim was fully discussed and tried by the parties. We decline to find trial by consent. *See RE/MAX of Tex., Inc. v. Katar Corp.*, 961 S.W.2d 324, 328 (Tex. App.-Houston [1st Dist.] 1997, pet. denied) ("[Trial by consent] is not intended to establish a general rule of practice and should be applied with care, and in no event in a doubtful situation.").

#### c. *The waiver argument*

■ Finally, appellees argue that PAS waived its procedural challenge by not raising it in the trial court. Appellees acknowledge that PAS's motion for new trial stated that the order granted summary judgment on a claim not included in the Summary Judgment Motion. Appellees contend, however, that filing the motion for new trial was not sufficient to preserve error because PAS did not set the motion for hearing. We disagree. PAS was not required to file a motion for new trial to preserve errors in granting summary judgment. *See Lee v. Braeburn Valley West Civic Ass'n*, 786 S.W.2d 262, 263 (Tex.1990).

As discussed above, the trial court erred in granting summary judgment on PAS's claim for breach of fiduciary duty because the appellees did not move for summary judgment on that claim. Accordingly, we sustain PAS's first and second issues.

#### 2. *The fraud claims*

In issues four, five, six, and nine, PAS argues that the trial court improperly granted summary judgment on its fraud claim. PAS contends that Engel fraudulently induced it to enter into the 2008 Agreement; thus, that agreement is vitiated by fraud and PAS is entitled to enforce the 2006 Agreement. At the time of summary judgment, PAS's fraud claims consisted of two parts (1) Engel's representations "that he had no intention of creating a competing company, leaving the employ of PAS, and entering into a business relationship with PAS's arch competitor, Matrikon" and (2) Engel's failure to disclose "that he had already created a new company, Caputech, with the intention that the new company would work with PAS's arch-competitor, Matrikon, to sell goods and services in competition with PAS."

We agree with the trial court that PAS cannot proceed on a claim for fraud or fraudulent inducement based on any alleged misrepresentation regarding Engel's plan to remain with PAS. Because Engel's employment was at-will, there can be no detrimental reliance on such a representation. We conclude, however, that Engel's employment at-will status does not preclude a fraud claim based on Engel's failure to disclose information regarding the formation of a new company that would be in a business relationship with PAS's competitor Matrikon. Fact issues exist with regard to whether Engel owed a duty to disclose these facts and whether his failure to disclose is actionable.

#### a. *The At–Will Claims*

Both common-law fraud and fraudulent inducement require proof of detrimental reliance. *See Schlumberger Tech. Corp. v. Swanson,* 959 S.W.2d 171, 179 (Tex.1997). In the employment context, courts have held that an employee cannot establish justifiable reliance on alleged promises of continued employment when the employment is at-will. *See, e.g., Miller v. Raytheon Aircraft Co.,* 229 S.W.3d 358, 379, 381 (Tex.App.-Houston [1st Dist.] 2007, no pet.) (holding promissory estoppel and fraud claims were barred because of at-will employment); *Brown v. Swett & Crawford of Tex., Inc.,* 178 S.W.3d 373, 379–80 (Tex.App.-Houston [1st Dist.] 2005, no pet.) (holding status as at-will employee precluded claim for fraudulent inducement in wrongful termination lawsuit). As this court stated in *Collins v. Allied Pharmacy Management, Inc.*:

> A promise to provide employment which is subject to termination at any time or for any reason does not provide any assurances about the employer's future conduct, and does not provide a basis for detrimental reliance as a matter of law.

871 S.W.2d 929, 937 (Tex.App.-Houston [14th Dist.] 1994, no writ). We agree with the trial court that the same reasoning bars PAS from claiming that it justifiably relied on promises or statements of intent by its at-will employee Engel to remain employed. *See Collins,* 871 S.W.2d at 937–38 ("An employee may quit at any time, or may never start performance and suffer no liability.... [E]mployees are not indentured servants.").

PAS argues that the rationale of *Miller* and *Brown* does not apply to its claim because the 2008 Agreement was a binding agreement. PAS contends that *Miller* and *Brown* are premised on the principle stated in *Haase v. Glazner,* 62 S.W.3d 795, 798 (Tex.2001), that "without a binding agreement, there is no detrimental reliance, and thus no fraudulent inducement claim." We are not persuaded. Although PAS and Engel entered into the 2008 Agreement, the agreement itself still provided for at-will employment. Like the plaintiff in *Brown,* PAS did not enter into an employment agreement with a set term of em-

ployment. *See Brown*, 178 S.W.3d at 380 ("There was simply no enforceable agreement to continue Brown's employment at IBS.").

The trial court properly held that Engel's at-will employment status precludes any justifiable reliance on alleged statements by Engel that he intended to remain with PAS or had no intention of resigning. We overrule PAS's fourth and fifth issues.

### b. *The Caputech Claims*

PAS also asserted mirror-image fraud claims related to Engel's formation of Caputech and relationship with Matrikon. These claims were based on Engel's alleged affirmative misrepresentations to PAS that Engel did not intend to create a competing company that would have a business relationship with Matrikon and, in the same vein, Engel's failure to disclose that he had formed Caputech and intended to collaborate with Matrikon. Appellees did not move for summary judgment on either of these claims.[6]

PAS does not complain on appeal that its affirmative misrepresentation claims relating to Caputech and Matrikon were not raised in the Summary Judgment Motion. We thus affirm the trial court's entry of summary judgment on these claims. *See Lehmann*, 39 S.W.3d at 200.

PAS's failure to disclose claims are premised on Engel's alleged status as a fiduciary. Specifically, PAS argues that Engel, as a fiduciary, had a duty to disclose that Engel already had taken steps to establish a competing business that

would have violated the terms of the 2006 Agreement and that he intended to collaborate with PAS's competitor, Matrikon. PAS further states that, as a result of Engel's failure to disclose these facts, PAS signed an agreement (the 2008 Agreement) it never would have signed if it had known the truth.

■ The fraud by fiduciary claim was not part of Engel's motion for summary judgment. Whether Engel and PAS had a fiduciary relationship was neither briefed below nor ruled upon by the trial court. The record shows that Engel's title was "Vice President of Sales" when he resigned from PAS, but it is unclear from the record exactly what his responsibilities were when he held that position.[7] We hold that there is a fact question as to whether Engel was a fiduciary of PAS when he negotiated the 2008 Agreement with PAS.

Appellees argue that even if Engel were a fiduciary, he cannot be liable for fraud based on this non-disclosure because employees—even fiduciary ones—have no duty to disclose to their employer plans to compete with the employer. We agree that, generally speaking, an employee has no duty to disclose plans to compete; however, we note that there are limits to this principle.

■ The Texas Supreme Court has recognized that fiduciary employees owe duties of loyalty to their employers and, if a fiduciary employee "takes any gift, gratuity, or benefit in violation of his duty, or acquires any interest adverse to his princi-

---

**6.** Appellees moved for summary judgment only on the claim that "Engel induced Plaintiff into executing a new contract by 'falsely representing to PAS that he intended to remain with PAS if the new agreement was executed.'"

**7.** Although a corporate officer generally owes fiduciary duties to the corporation, *see Somers*

*ex. rel. EGL, Inc. v. Crane*, 295 S.W.3d 5, 11 (Tex.App.-Houston [1st Dist.] 2009, pet. denied), we cannot tell from the record whether Engel's title carried with it the responsibilities usually associated with being a corporate officer. That determination must be made based on what Engel's job responsibilities were when he held the position.

pal without a full disclosure, it is a betrayal of his trust and a breach of confidence, and he must account to his principal for all he has received." *Kinzbach Tool Co. v. Corbett–Wallace Corp.*, 138 Tex. 565, 160 S.W.2d 509, 514 (1942). But an employer's right to demand and receive loyalty from a fiduciary employee must be tempered by society's interest in encouraging competition. *See Johnson v. Brewer & Pritchard*, 73 S.W.3d 193, 201 (Tex.2002). Thus, in general, an at-will employee—even a fiduciary one—may plan to compete with his employer and take certain steps toward that goal without disclosing his plans to the employer, but he may not "appropriate his employer's trade secrets," "solicit his employer's customers while still working for his employer," "carry away certain information, such as lists of customers," or "act for his future interests at the expense of his employer by using the employer's funds or employees for personal gain or by a course of conduct designed to hurt the employer." *Id.* at 202 (citation omitted); *see also Abetter Trucking Co. v. Arizpe*, 113 S.W.3d 503, 510 (Tex.App.-Houston [1st Dist.] 2003, no pet.).

Whether Engel had a fiduciary duty to disclose the creation of the competing business Caputech and his plans to associate with Matrikon depends on what his job responsibilities were at PAS. If the fact-finder determines that his job responsibilities were those of a fiduciary, in dealing with his principal on a matter involving his own self-interest that would limit his employer's contractual rights, he owed a duty of full disclosure of all material facts. *See Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 285 (5th Cir.2007) (holding fiduciary employee had duty to disclose plans to compete with employer when employee negotiated lease on behalf of employer and employer would be burdened with substantial lease payments when employee left); *see also Abetter Trucking*, 113 S.W.3d at 510 (noting fiduciary employee has duty to deal openly with employer about matters affecting the employer's business). If so, he could not legally put his interests above that of PAS "by a course of conduct designed to hurt [PAS]." *Johnson*, 73 S.W.3d at 202.

The trial court did not expressly address PAS's fraud by non-disclosure claim. Instead, the trial court broadly concluded that PAS could not proceed on a fraudulent inducement claim because of a lack of justifiable reliance.[8] Engel's at-will employment status precludes justifiable reliance only with respect to alleged

---

8. In its Reply Brief, PAS argues that Engel's status as a fiduciary wholly relieves it of the requirement of proving reliance. PAS cites *Schlumberger Technology Corp. v. Swanson*, 959 S.W.2d 171 (Tex.1997), and *Yeckel v. Abbott*, No. 03–04–00713–CV, 2009 WL 1563587 (Tex.App.-Austin June 4, 2009, pet. denied), for the proposition that reliance is not an element of a fraud by non-disclosure claim against a fiduciary. In *Schlumberger*, the Texas Supreme Court noted the case of *Johnson v. Peckham*, 132 Tex. 148, 120 S.W.2d 786, 788 (1938), which held that partners owe each other a duty to make full disclosure of all material facts; therefore, the issue of one partner's reliance on the other to discharge that duty to disclose was immaterial. *Schlumberger*, 959 S.W.2d at 181. In *Yeckel*, the Austin Court of Appeals held that the trial court did not need to submit reliance as an element of the fraud by nondisclosure claim against a fiduciary. 2009 WL 1563587, at *8 (citing *Schlumberger*, *Johnson*, and Comm. on Pattern Jury Charges, State Bar of Tex., Texas Pattern Jury Charges: Business, Consumer, Insurance & Employment PJC § 105.4 & cmt. (2003)). PAS may be correct that reliance is not an element of a claim for fraud by non-disclosure against a fiduciary. PAS, however, did not raise this argument in its response to the Motion for Summary Judgment. Thus, we cannot consider the argument in reversing the trial court's summary judgment. Tex.R. Civ. P. 166(a)(c); *McConnell*, 858 S.W.2d at 341.

statements by Engel regarding future employment with PAS. It does not necessarily preclude all possible fraud claims as a matter of law. There is more than a scintilla of evidence to support PAS's fraud claim based on Engel's possible status as a fiduciary and his duty to disclose his plans with regard to Caputech. The trial court erred in granting summary judgment on this ground.

We reverse the trial court's judgment on the fraud claim as it pertains to a failure to disclose with respect to PAS's fraud claim based on Engel's failure to disclose his plan to form Caputech and work with Matrikon. We thus sustain in part PAS's sixth and ninth issues.

### 3. The breach of contract claim

In its third, seventh, and eighth issues, PAS challenges the trial court's ruling on its claim for breach of contract. The trial court concluded that the 2008 Agreement was not vitiated by fraud so that it was the operative agreement and that PAS had produced no evidence of a breach of the 2008 Agreement. On appeal, PAS argues that the 2006 Agreement—not the 2008 Agreement—is the operative agreement and that it provided evidence to support each element of its claim for breach of the 2006 Agreement. PAS also argues that it is not estopped to challenge the validity of the 2008 Agreement and that the 2008 Agreement is unenforceable for lack of consideration. We address each issue in turn.

### a. No-evidence motion for summary judgment

By the time appellees filed the Summary Judgment Motion, PAS had amended its petition, removed its breach of contract claim premised on the 2008 Agreement, and instead alleged a breach of the 2006 Agreement. But appellees sought summary judgment on PAS's claims "[t]o the

extent that PAS continues to base its claims on" the 2008 Agreement. The trial court granted summary judgment in favor of Engel on PAS's claim for breach of the 2008 Agreement. Appellees argue on appeal that summary judgment should be affirmed on that claim "if the 2008 [A]greement controlled the relationship between the parties." PAS does not argue on appeal that the trial court erred in finding no evidence of a breach of the 2008 Agreement. We, therefore, affirm the portion of the trial court's order granting summary judgment in favor of Engel on PAS's claim for breach of the 2008 Agreement without deciding which agreement controls the parties' relationship.

■ Because we have found that summary judgment was improper as to PAS's fraudulent concealment claim, on remand, a fact-finder may determine that the 2008 Agreement is vitiated by fraud such that the 2006 Agreement is the operative agreement. We therefore address whether PAS may proceed on a claim for breach of the 2006 Agreement. Appellees assert that, even if the 2006 Agreement is the operative agreement, we should affirm the summary judgment on the breach of contract claim because there is no evidence of a breach. We disagree.

As discussed above, PAS presented evidence that Engel formed a competing company that became an exclusive reseller of Matrikon products and services. The 2006 Agreement prevented Engel, for a period of two years post-employment, from being engaged "whether as an officer, director, partner, associate, owner, employee, consultant or otherwise" by any person or entity that sells specific products or services in competition with PAS. The agreement expressly listed Matrikon as a competitor of PAS. PAS further presented evidence of damages of $40,000, which in-

cluded $35,000 in salary paid to Engel after he created the competing company and $5,000 paid to Engel as partial consideration for signing the 2006 Agreement. PAS produced more than a scintilla of evidence on each element of its breach of the 2006 Agreement claim. Thus, a no-evidence summary judgment on PAS's claim for breach of the 2006 Agreement would be improper. We sustain PAS's eighth issue.

### b. *Traditional motion for summary judgment*

Appellees also offered two traditional summary judgment grounds against PAS's breach of contract claims—the first ground, a defense to the purported breach of the 2008 Agreement, was that the non-compete clause in the 2008 Agreement lacks consideration, and the second ground, a defense to the purported breach of the 2006 Agreement, was that PAS was estopped to challenge the validity of the 2008 Agreement that, appellees asserted, superseded the 2006 Agreement. On appeal, PAS agrees that the non-compete clause in the 2008 Agreement lacks consideration and argues that it is unenforceable.[9] PAS disputes appellees' estoppel claim.

In the Summary Judgment Motion, appellees argued as a defense to PAS's claim that appellees breached the 2006 Agreement that PAS was estopped to dispute the validity of the 2008 Agreement because it had sought a temporary restraining order based on the later agreement. The trial court did not rule on this ground.

We agree with PAS that appellees have not shown a right to summary judgment based on estoppel because they have not shown that PAS had all of the pertinent facts when it initially sought the temporary restraining order based on the 2008 Agreement. *See Frazier v. Wynn,* 472 S.W.2d 750, 753 (Tex.1971) (judgment based on estoppel was improper where no showing party had full knowledge of all material facts). We sustain PAS's seventh issue.

### 4. *The civil conspiracy claim*

 The trial court found there was no evidence presented by PAS to satisfy all elements of a civil conspiracy claim against April and Caputech. We agree. A civil conspiracy consists of a combination by two or more persons to accomplish an unlawful purpose or a lawful purpose by unlawful means. *Firestone Steel Prods. Co. v. Barajas,* 927 S.W.2d 608, 614 (Tex. 1996). The elements of civil conspiracy are (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *Tri v. J.T.T.,* 162 S.W.3d 552, 556 (Tex.2005); *Boales v. Brighton Builders, Inc.,* 29 S.W.3d 159, 164 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). PAS produced no evidence to show a meeting of minds. The only evidence adduced by PAS is the certificate of formation listing April as a director of Caputech. There is no evidence of what April may have known about any alleged unlawful act that could support

---

9. PAS did not argue to the trial court that the 2008 Agreement is unenforceable because it lacks consideration and, in fact, took the opposite position. We offer no opinion as to whether the 2008 Agreement is supported by consideration because PAS has not preserved that ground for appeal. *See S. Crushed Concrete, LLC v. City of Houston,* —— S.W.3d ——,

——, 2010 WL 4638417 (Tex.App.-Houston [14th Dist.] 2010, no pet. h.) (considering only preemption ground when nonmovant argued in trial court that local ordinance was unconstitutional based on preemption, but on appeal argued ordinance was unconstitutional not only because it was preempted but also because it was arbitrary and unreasonable).

a conspiracy. *See Boales,* 29 S.W.3d at 164 (plaintiff produced no more than a scintilla of evidence of a meeting of minds). The trial court properly granted summary judgment on PAS's civil conspiracy claim against April and Caputech. We overrule PAS's tenth issue.

### *Conclusion*

The trial court erred in granting summary judgment on the breach of fiduciary duty claim, the fraud claim to the extent it is based on a failure to disclose, and the breach of contract claim based on the 2006 Agreement. The trial court properly granted summary judgment on the breach of contract claim based on the 2008 Agreement, the fraud claim to the extent it is based on the misrepresentation of intent to remain with PAS, and the civil conspiracy claim. We, therefore, affirm in part and reverse and remand in part the trial court's judgment, for further proceedings consistent with this opinion.