**Reversed and Remanded and Majority and Dissenting Opinions filed January 22, 2015.**



In The

# 𝕱𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝕮𝔬𝔲𝔯𝔱 𝔬𝔣 𝕬𝔭𝔭𝔢𝔞𝔩𝔰

---

### NO. 14-13-01105-CV

---

### ISABEL CAMPBELL, Appellant

### V.

### AMANDA DUFFY MABRY, INDIVIDUALLY AND AS INDEPENDENT EXECUTRIX OF THE ESTATE OF AUSTIN R. DUFFY, Appellee

**On Appeal from the Probate Court No. 1**
**Harris County, Texas**
**Trial Court Cause No. 410,842-401**

## DISSENTING OPINION

Appellant/plaintiff Isabel Campbell alleges appellee/defendant Amanda Duffy Mabry, individually and as independent executrix of the estate of Austin R. Duffy, is liable to Campbell for damages based on claims for breach of contract, quantum meruit, and common law fraud. These claims arise from Campbell's employment as a caregiver for Mabry's father.

Mabry filed a traditional summary-judgment motion asserting that Campbell's claims are barred as a matter of law by res judicata because Campbell earlier had asserted a wage claim with the Texas Workforce Commission. Before filing this suit, Campbell filed a wage claim with the Commission on July 24, 2012 (the "Wage Claim Filing Date"), seeking to recover overtime pay alleged due and not paid during her employment by Campbell from August 28, 2006 through February 28, 2012. According to the employment contract in our record, Campbell provided care at an hourly rate and was paid once every fourteen days. The Commission determined that it did not have subject-matter jurisdiction over part of Campbell's claim because the wages allegedly were due to be paid more than 180 days before the Wage Claim Filing Date. As to the merits of the part of the claim over which the Commission had jurisdiction, the Commission determined that Mabry did not owe any overtime pay because Campbell fell within an exemption from the overtime provisions of the Fair Labor Standards Act.

The majority correctly concludes that the Commission did not have subject-matter jurisdiction to address the merits of claims for unpaid wages that were due for payment more than 180 days before the Wage Claim Filing Date and that res judicata bars Campbell's claims only to the extent that she seeks to recover wages that became due for payment in the 180 days before the Wage Claim Filing Date. *See ante* at pp. 6–7. Rather than reversing and remanding, this court should affirm the trial court's judgment to the extent that Campbell seeks to recover unpaid wages that became due for payment in the 180 days before the Wage Claim Filing Date, and to reverse and remand the remainder of Campbell's claims. *See PAS, Inc. v. Engel*, 350 S.W.3d 602, 616–17 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (affirming in part and reversing in part portion of summary judgment order on fraud claim); *Espeche v. Ritzell*, 123 S.W.3d 657, 665–68 (Tex. App.—Houston

[14th Dist.] 2003, pet. denied) (affirming summary judgment on claims barred by res judicata and reversing and remanding claims not barred by res judicata). Because the majority does not do so, I respectfully dissent.


/s/     Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Christopher and Busby. (Christopher, J., majority).