**Affirmed and Memorandum Opinion filed February 10, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-01052-CV

**BARRY S. NUSSBAUM, I-10 BNC OFFICE BUILDING, L.P. D/B/A I-10 OFFICE BUILDING, I-10 BNC, L.P., BNC SOUTH LOOP ASSOCIATES, L.P., BNC HOUSTON SOUTH LOOP, L.P. AND BNC INVESTMENTS, L.L.C., Appellants**

**V.**

**CITY NATIONAL BANK, Appellee**

**On Appeal from the 129th District Court
Harris County, Texas
Trial Court Cause No. 2012-57161**

## M E M O R A N D U M   O P I N I O N

In three issues, appellants challenge the trial court's summary judgment against them for deficiencies under two notes secured by commercial real estate that had been foreclosed on by the holder of the notes. Appellants argue they were entitled to valuations of the subject properties at the time of the foreclosures and

offsets of the values of the properties against the deficiencies. Concluding that appellants contractually waived these rights, we affirm.

## *Background*

Appellant BNC South Loop Associates, L.P. is the maker of a deed of trust on commercial property on the South Loop in Houston, Texas (South Loop Deed of Trust) to secure payment of a $7,725,000 note (South Loop Note). The South Loop Note was signed on behalf of BNC South Loop Associates, L.P. by appellants BNC Houston South Loop, L.P., General Partner and BNC Investments, LLC, General Partner (collectively "BNC South Loop"). Nussbaum personally guaranteed payment of the South Loop Note up to $3,862,500. The South Loop Deed of Trust and South Loop Note were assigned to appellee City National Bank.

Appellant I-10 BNC Office Building, L.P. is the maker of a deed of trust on commercial property on Interstate 10 in Houston, Texas (I-10 Deed of Trust), to secure payment of a $3,150,000 note (I-10 Note). The I-10 Note was signed on behalf of I-10 BNC Office Building, L.P. by appellants I-10 BNC, L.P., General Partner, and BNC Investments, LLC, General Partner (collectively I-10 BNC). Nussbaum guaranteed payment of the I-10 Note. The I-10 Deed of Trust and I-10 Note were assigned to City National Bank.[1]

The BNC Parties defaulted on their notes and deeds of trust. City National Bank foreclosed on the subject properties and filed this lawsuit asserting a breach of contract claim to collect the deficiency balances on both debts and related damages. City National Bank filed a motion for partial summary judgment asserting, in relevant part (1) BNC South Loop is liable for the deficiency as maker of the South Loop Note, BNC Houston and BNC Investments are liable as general

---

[1] For clarity, we refer to all appellant entities collectively as the "BNC Parties."

2

partners of BNC South Loop, and Nussbaum is liable as guarantor; (2) I-10 BNC Office Building is liable for the deficiency as maker of the I-10 Note, I-10 BNC and BNC Investments are liable as general partners, and Nussbaum is liable as guarantor; and (3) appellants waived their right to offset the deficiencies against the fair market value of the properties under section 51.003 of the Property Code.[2] Appellants filed a motion for determination of fair market value of the properties under section 51.003, which the trial court apparently denied.[3] City National Bank subsequently filed a second motion for partial summary judgment asserting the same bases as the first motion but also adding a no-evidence ground, arguing there is no evidence appellants were entitled to an affirmative defense under section 51.003. The trial court granted the second motion for partial summary judgment and rendered an order severing City National Bank's remaining claims, making the summary judgment order final and appealable. *See G & H Towing Co. v. Magee*, 347 S.W.3d 293, 295 (Tex. 2011).

## *Discussion*

In three issues, appellants challenge the trial court's granting summary judgment, contending (1) they did not waive their rights to valuations and offsets under section 51.003 of the Property Code; (2) the amount of the deficiencies has not been ascertained because the trial court has not determined the fair market value of the properties; and (3) an adequate amount of time for discovery had not

---

[2] Section 51.003, discussed in more detail below, allows a defendant in a deficiency action to file a motion requesting the trial court to determine the fair market value of the real property on the date of the foreclosure sale. Tex. Prop. Code § 51.003(b). If the court determines that the fair market value is greater than the sale price of the real property at the foreclosure sale, the defendant generally is entitled to an offset against the deficiency in the amount by which the fair market value, less certain expenses, exceeds the sale price. *Id*. § 51.003(c).

[3] An order denying the motion is not in the record, but, for reasons discussed below, the trial court effectively denied it when it granted summary judgment in favor of City National Bank.

passed before the trial court granted summary judgment based on no evidence. We conclude that appellants contractually waived their rights to valuations of the properties and offsets under section 51.003 of the Property Code. Accordingly, the trial court was not required to determine the fair market value of the properties.

We review the trial court's granting of summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 661 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). When, as here, a trial court grants a summary judgment involving both no-evidence and traditional grounds, we usually address first the no-evidence grounds. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *PAS, Inc. v. Engel*, 350 S.W.3d 602, 607 (Tex. App.—Houston [14th Dist.] 2011, no pet.). However, if we conclude that we must affirm the trial court's summary judgment ruling on traditional grounds, we need not review the no-evidence grounds. *See Wilkinson v. USAA Fed. Sav. Bank Trust Servs.*, No. 14-13-00111-CV, 2014 WL 3002400, at *5 (Tex. App.—Houston [14th Dist.] Jul. 1, 2014, pet. denied) (mem. op.); *see* Tex. R. App. P. 47.1.

A party moving for traditional summary judgment bears the burden of showing no genuine issue of material fact exists and it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). When reviewing a traditional summary judgment, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubt in the nonmovant's favor. *Valence Operating Co.*, 164 S.W.3d at 661.

## I.    Waiver of Section 51.003 Defenses by BNC Parties

In their first issue, appellants assert that the trial court erred in concluding that the BNC Parties waived the application of section 51.003. Appellants argue

4

that they asserted their right to offsets against the deficiencies based on the fair market values of the properties and that they were entitled to a determination from the trial court of such values. *See* Tex. Prop. Code §§ 51.003-.004; *Grace Interest, LLC v. Wallis State Bank*, 431 S.W.3d 110, 114 n.1 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). Because we conclude that the BNC Parties contractually waived their rights to valuations and offsets under section 51.003, we further conclude that the trial court did not err in refusing to determine the fair market values of the properties. *See Wasserberg v. RES-TX One, LLC*, No. 14-13-00674-CV, 2014 WL 6922545, at *7 (Tex. App.—Houston [14th Dist.] Dec. 9, 2014, no. pet. h.) (mem. op.).

A deficiency judgment is based on the amount of the note, interest, and attorney's fees, less the amount received at the foreclosure sale and other legitimate credits. *Moayedi v. Interstate 35/Chisam Rd., L.P.*, 438 S.W.3d 1, 4 (Tex. 2014). Section 51.003 protects borrowers and guarantors when lenders are the sole bidders at a foreclosure sale and thus can control the foreclosure sale price. *Id*. at 4-5. Under the statute, a deficiency judgment is still the amount by which the debt and foreclosure costs exceed the foreclosure sale price. *Id*. at 5. However, under section 51.003, if the factfinder determines that the fair market value is greater than the foreclosure sale price, the party obligated on the debt may ask the trial court to offset the deficiency owed by that difference. *Id*.

Accordingly, if section 51.003 applies, the trial court was required to hear evidence regarding and determine the fair market values of the properties at the time of the foreclosure sales. *See id*. If the fair market values exceeded the sale prices, the court was required to offset the deficiencies by that difference. *See id*. In this connection, the Texas Supreme Court has characterized section 51.003 as a defense in the form of an offset. *Id.* at 6. However, the court recently confirmed

that parties may contractually waive a section 51.003 defense and broad language waiving "any," "each," and "every" defense accomplishes that purpose. *Id.* at 7–8; *Wasserberg*, 2014 WL 6922545, at *7.

A waiver must be clear and specific. *Moayedi*, 438 S.W.3d at 6. Waiver is the "intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *Id.* Whether there has been a waiver depends on the circumstances of the case, but "[t]here can be no waiver unless so intended by one party and so understood by the other." *Id.* at 6-7. We examine and consider the entire contract to determine the parties' intentions as expressed in the instrument. *See id.* at 7.

The notes at issue here contain the following language:

> **No Offsets**. No indebtedness evidenced by this Note shall be offset by all or part of any claim, cause of action, or cross-action of any kind, whether liquidated or unliquidated, which Maker now has or may hereafter acquire or allege to have acquired against the Holder. To the fullest extent permitted by law, Maker waives the benefits of any applicable law, regulation, or procedure which provides, in substance, that where cross demands for money exist between the parties at any point in time when neither demand is barred by the applicable statute of limitations, and an action is thereafter commenced by one such party, the other party may assert the defense of payment in that the two demands are compensated so far as they equal each other, notwithstanding that an independent action asserting the claim would at the time of filing the response be barred by the applicable statute of limitations.

Thus, the BNC Parties agreed that their indebtedness would not be "offset" by "any claim, cause of action, or cross-action."

Appellants argue, however, that waiving ***claims, causes of action, and cross-actions for offset*** is not the same as waiving ***defenses*** under section 51.003. *See Vill. Place, Ltd. v. VP Shopping, LLC*, 404 S.W.3d 115, 131-32 (Tex. App.—

6

Houston [1st Dist.] 2013, no pet.) (holding waiver language in guaranty waived offset rights of guarantor against borrower but not against lender). Assuming without deciding that appellants are correct in that regard, in the deeds of trust, the BNC Parties waived their rights to valuations of the properties, as follows:

> **Waiver**. To the full extent Trustor may do so, Trustor agrees that Trustor will not at any time insist upon, plead, claim, or take the benefit or advantage of any law now or hereafter in force . . . providing for any appraisement, valuation, stay, extension or redemption, and Trustor . . . to the extent permitted by law, hereby waives and releases all rights of redemption, valuation, appraisement, stay of execution, notice of intention to mature or declare due the whole of the Obligations and all rights to a marshaling of the assets of the Trustor, including, without limitation, the Property . . . .

Accordingly, the BNC Parties agreed not to seek valuations of the properties under "any law" and waived their rights to do so.

As set forth above, section 51.003 establishes the right of a defendant in a deficiency action to seek a valuation of the foreclosed property and an offset, and that right can be waived by contract. Because the BNC Parties waived their rights to valuations of the properties under "any law," we conclude that they contractually waived their rights to valuations and offsets under section 51.003. *See Moayedi*, 438 S.W.3d at 8 (concluding that waiver of "any," "each," and "every" defense in guaranty, though broad, included rights to valuation and offset under section 51.003). Thus, the trial court did not err in entering a deficiency judgment against the BNC Parties.

We overrule appellants' first issue.

## II.    No Error in Rendering Deficiency Judgment against Nussbaum

In their second issue, appellants argue the trial court erred in entering summary judgment against Nussbaum, as guarantor of the notes, because the trial

court has not determined the fair market values of the properties to offset the deficiencies. Because we conclude that the BNC Parties waived their rights to valuations and offsets under section 51.003, the trial court did not err in entering a judgment against Nussbaum as guarantor for the deficiencies.[4] *See Wasserberg*, 2014 WL 6922545, at *7 (declining to address whether plaintiff was required to present evidence of fair market value when defendant had contractually waived right to valuation and offset under section 51.003).

We overrule appellant's second issue. Because we were required to analyze as a matter of law whether appellants waived their rights under section 51.003, we need not address whether the trial court erred in rendering summary judgment on no-evidence grounds. *See Wilkinson*, 2014 WL 3002400, at *5.

We affirm the judgment of the trial court.

/s/      Martha Hill Jamison
         Justice

Panel consists of Justices Boyce, Jamison, and Donovan.

---

[4] We further note that in the guaranties, Nussbaum waived any rights he may have had under section 51.003. Nussbaum waived "any and all rights and defenses that guarantor may have because the borrower's debt is secured by real property collateral." *See Moayedi*, 438 S.W.3d at 8 (holding broad language waiving "any," "each," and "every" defense waives a defense under section 51.003); *Wasserberg*, 2014 WL 6922545, at *8 (holding guarantor's waiver of "all defenses given to sureties or guarantor at law or in equity other than actual payment of the Liabilities" waived right to section 51.003 offset).