**Affirmed in Part, Reversed and Remanded in Part, and Opinion filed December 20, 2012.**



In The

## Fourteenth Court of Appeals

---

### NO. 14-10-01239-CV

---

## PARKWAY DENTAL ASSOCIATES, P.A., POORANG PAHLAVAN, H. TRAM NGUYEN AND SHANNON PRESLEY, Appellants

### V.

## HO & HUANG PROPERTIES, L.P. AND SW PARKWAY MANAGEMENT, INC., Appellees

---

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2007-69193**

---

### O P I N I O N

In this case, a former tenant under a commercial lease sued the former landlord and its management company asserting breach of the lease and fraud, as well as other claims. The trial court granted the defendants' no-evidence and traditional summary-judgment motions, dismissing all of the former tenant's

claims. The lease contained a provision under which the prevailing party in any legal proceeding relating to the transaction is entitled to recover its reasonable attorney's fees and litigation costs. After a jury trial on the amount of the defendants' reasonable attorney's fees and litigation costs, the trial court rendered judgment in the defendants' favor based upon the jury's verdict. We conclude that the trial court erred in granting a no-evidence summary judgment as to the claims for breach of contract and anticipatory repudiation, but that the trial court did not err in granting summary judgment as to the remaining claims. Accordingly, we sever, reverse, and remand the tenant's breach-of-contract and anticipatory-repudiation claims as well as the parties' requests for attorney's fees, and we affirm the remainder of the trial court's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In January 2004, appellant Parkway Dental Associates, P.A. ("Parkway") as tenant, and SW Parkway Management, Inc., as agent for Ho & Huang Properties, L.P., as landlord, executed a commercial lease (the "Parkway Lease"). Appellants Poorang Pahlavan, H. Tram Nguyen, and Shannon Presley, officers of Parkway, guarantied the performance of Parkway's obligations under the Parkway Lease. The term of the Parkway Lease began on April 1, 2004 and lasted five years; Parkway had the option to extend the term for an additional five years. Parkway used the Parkway Lease premises for the practice of general dentistry.

The Parkway Lease included an "Addendum Regarding Restrictions on Use of Project by Other Tenants." Under this addendum, the landlord promised that, unless there was an uncured default under the Parkway Lease by Parkway, the landlord would "not permit any portion of the Project to be used for a Competitive Business." Under this provision (the "Covenant"), "Competitive Business" was defined as "Businesses practic[ing] . . . [g]eneral dentistry." As used in this

2

provision, "Project" included the building or complex in which the leased premises were located, any of the common areas, as well as the parking areas in the shopping center in question.

Parkway occupied the leased premises and paid rent under the Parkway Lease to the landlord throughout the initial five-year term. In June 2006, Ho & Huang Properties, L.P. ("Ho & Huang") conveyed a 2.837 acre tract ("Tract") to Ho and Huang Parkway Holding, L.P. The Tract was part of the parking lot for the shopping center in question. In conveying the Tract, Ho & Huang did not require that the grantee agree to a restriction that was the same as or similar to the Covenant. In that same month, Ho and Huang Parkway Holding, L.P. sold and conveyed the Tract to TCHL Investment II, L.L.C. (the "Purchaser").

In conveying the Tract, Ho and Huang Parkway Holding, L.P. did not require that the Purchaser agree to a restriction that was the same as or similar to the Covenant. In 2007, the Purchaser leased office space on the Tract to Aquarium Dental, L.L.C. Under the lease between the Purchaser and Aquarium Dental (the "Aquarium Dental Lease"), the leased premises are to "be used and occupied by [Aquarium Dental] solely as dental care and related business [sic] and for no other purpose without [the Purchaser's] prior written consent." Parkway asserts that Dr. Tuan Thanh Pham, the principal of Aquarium Dental, has used the leased premises for the practice of general dentistry since early 2009, before April 1, 2009.

Parkway asserts that it first learned of the presence of Aquarium Dental in the fall of 2007, when Aquarium Dental posted a sign stating that it would be opening soon. When Parkway complained to Ho & Huang and the Management Company (collectively, the "Landlord"), the Landlord advised that there was nothing the Landlord could do because the Tract had been sold to a third party and the Landlord no longer had any control over that part of the Project. Based upon

3

Parkway's investigation, it appeared that Dr. Pham and Aquarium Dental were establishing a competing general dentistry practice. In November 2007, before Dr. Pham began practicing at the Aquarium Dental office, Parkway filed suit in the court below seeking injunctive and monetary relief against Ho & Huang Properties, L.P. ("Ho & Huang"), SW Parkway Management, Inc. (the "Management Company"), and Dr. Pham d/b/a Aquarium Dental. The trial court did not grant injunctive relief in Parkway's favor, and Parkway later nonsuited its claims against Dr. Pham.

Parkway attempted to negotiate a right to terminate the Parkway Lease early and without penalty, if its business was harmed by Aquarium Dental. Ho & Huang refused to agree to such a modification of the Parkway Lease. Because of the presence of Aquarium Dental's office on the Project, Parkway decided not to exercise its option to extend the term of the Parkway Lease for an additional five years. The Parkway Lease terminated by its own terms on March 31, 2009, with Parkway having paid all rent due under the Parkway Lease. The dental practice that had been operated on the premises leased by Parkway was closed after the Parkway Lease expired.

In the lawsuit, Parkway asserted claims against the Landlord for breach of the Parkway Lease, fraud, including fraudulent inducement, statutory fraud under Chapter 27 of the Texas Business and Commerce Code, negligent misrepresentation, "unjust enrichment," money had and received, and "restitution." The Landlord filed various summary-judgment motions. As to Parkway's breach-of-contract claim, the trial court granted a no-evidence motion in part on the following grounds:

- Parkway failed to produce any competent summary-judgment evidence demonstrating the existence of a competing business

4

engaged in the practice of general dentistry on the Project during the primary term of the Parkway Lease.

- Parkway failed to produce any competent summary-judgment evidence that the Landlord breached the Parkway Lease.

- Parkway failed to produce any competent summary-judgment evidence as to the existence of an agreement with the Landlord that prohibited it from selling a portion of the Project without requiring the purchaser to abide by the terms of the Covenant.

- Parkway failed to produce any competent summary-judgment evidence that Parkway was excused from complying with the Parkway Lease requirement to exercise the option for a second five-year term and, as a result, the Landlord's obligations under the Parkway Lease terminated no later than March 31, 2009.

- Parkway failed to produce any competent summary-judgment evidence that it suffered any harm or damages resulting from a breach by the Landlord of any of its obligations under the Parkway Lease.

In a no-evidence motion for summary judgment as to Parkway's claims other than for breach of contract and anticipatory repudiation, the Landlord asserted no-evidence grounds as to almost all of the essential elements of Parkway's claims for common-law fraud, fraudulent inducement, statutory fraud, negligent misrepresentation, and money had and received. The Landlord asserted that restitution and unjust enrichment are not independent claims but also challenged essential elements regarding these theories. The Landlord filed a separate motion asserting various traditional summary-judgment grounds against these claims. The trial court granted these two motions without specifying the grounds and dismissed all of these alleged claims.

Based upon the dismissal of all of Parkway's claims, the trial court concluded that the Landlord was a prevailing party under a Parkway Lease provision allowing a prevailing party to recover its reasonable attorney's fees and litigation costs. The parties tried to a jury the issue of reasonable fees for the

5

services of the Landlord's attorneys in this case, as well the amount of the Landlord's out-of-pocket litigation costs. The trial court rendered a final judgment in favor of the Landlord and against Parkway for the amounts found by the jury at trial.

## II. ISSUES PRESENTED

On appeal, Parkway asserts three issues:

(1)     The trial court erred in granting the Landlord's no-evidence summary-judgment motion as to Parkway's claims for breach of contract and anticipatory repudiation.

(2)     The trial court erred in granting the Landlord's no-evidence and traditional motions for summary judgment as to Parkway's remaining claims.

(3)     The trial court erred in allowing recovery of $385,000 in attorney's  fees plus conditional post-judgment and appellate attorney's fees when (a) the Landlord was not the prevailing party; (b) the Landlord did not properly segregate fees as required; and (c) the fees awarded were not reasonable and necessary.

## III. STANDARDS OF REVIEW

In a traditional motion for summary judgment, if the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). In reviewing a no-evidence summary judgment, we ascertain whether the nonmovant pointed out summary-judgment evidence raising a genuine issue of fact as to the essential elements attacked in the no-evidence motion.   *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 206–08 (Tex. 2002). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant,

crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). When the order granting summary judgment does not specify the grounds upon which the trial court relied, we must affirm the summary judgment if any of the independent summary-judgment grounds is meritorious. *FM Props. Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex. 2000).

## IV. ANALYSIS

### A.    Did the trial court err in granting a no-evidence summary judgment as to Parkway's breach-of-contract and anticipatory-repudiation claims?

Under its first issue, Parkway asserts that the trial court erred in granting summary judgment as to Parkway's breach-of-contract and anticipatory-repudiation claims. The trial court granted a no-evidence summary judgment as to these claims based upon the five grounds listed in the trial court's order. We address each ground in turn.

#### 1.    *Existence of a Competing Business on the Project during the Primary Term of the Parkway Lease*

The trial court granted summary judgment as to Parkway's breach-of-contract and anticipatory-repudiation claims on the ground that Parkway failed to produce any competent summary-judgment evidence demonstrating the existence of a competing business engaged in the practice of general dentistry on the Project during the primary term of the Parkway Lease.

The summary-judgment evidence contains the Aquarium Dental Lease,

7

which is effective as of April 2007 and has a five-year initial term from June 1, 2007 through May 31, 2012. Under the Aquarium Dental Lease, the Purchaser leased office space on the Tract to Aquarium Dental, and Aquarium Dental agreed that the leased premises would "be used and occupied by [Aquarium Dental] solely as dental care and related business [sic] and for no other purpose without [the Purchaser's] prior written consent." The summary-judgment evidence also contains an affidavit from Conrad Schuldt, the Management Company's property manager. Schuldt states that he is familiar with all of the businesses that operate in the area of the Project. Based upon his personal knowledge, Schuldt testifies that Aquarium Dental "did not begin operating until sometime after February 1, 2009," and that the "first time [Schuldt] saw Aquarium Dental open for business was early-March 2009."

In her summary-judgment affidavit, H. Tram Nguyen, a dentist and principal of Parkway, testifies in pertinent part as follows:

- It is Nguyen's understanding that Dr. Pham has opened his dental practice and is providing general dentistry and orthodontic services.

- Dr. Pham opened his dental practice during the primary term of the Parkway Lease.

- Aquarium Dental advertised services constituting a general dentistry practice during the primary term of the Parkway Lease.

- Dr. Pham and Aquarium Dental did not hold themselves out as conducting only a dental specialty practice.

- Dr. Pham and Aquarium Dental used a portion of the Project for a general dentistry practice during the primary term and the option time period of the Parkway Lease.

8

The Landlord asserts that, in his affidavit, Schuldt does not address whether Aquarium Dental's business involved the practice of general dentistry on the Project. Though this is true, Schuldt does testify that Aquarium Dental began operating its business before March 31, 2009, the date on which the Parkway Lease expired. Nguyen testified that Dr. Pham and Aquarium Dental practiced general dentistry on the Project before the Parkway Lease expired. In response to Nguyen's testimony, the Landlord asserts that this court cannot consider this testimony because the trial court sustained its objections to Nguyen's affidavit and excluded this evidence. Thus, we must determine if the Landlord preserved error with respect to these evidentiary objections.

The Landlord does not assert, and the record does not reflect, that the trial court expressly ruled on the Landlord's objections to Nguyen's affidavit or expressly excluded this affidavit from the summary-judgment evidence. Nonetheless, the Landlord argues that the trial court implicitly sustained its objections by granting its summary-judgment motion and by language the trial court used in its written order. The Landlord relies upon *Frazier v. Yu*, 987 S.W.2d 607, 610 (Tex. App.—Fort Worth 1999, pet. denied). Though the *Frazier* case supports the Landlord's argument, this court has declined to follow the rule in that case, as have most of the other intermediate courts of appeals that have addressed this issue.[1] *See Transcontinental Ins. Co v. Briggs Equipment Trust*, 321 S.W.3d 685, 700 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (holding under precedent from this court that the trial court's granting of a summary-judgment motion is not an implicit ruling on movant's objections to plaintiff's summary-judgment evidence); *Hixson v. Tyco Int'l, Ltd.*, No. 01-04-01109-CV, 2006 WL 3095326, at *3 (Tex. App.—Houston [14th Dist.] Oct. 31, 2006, no pet.)

---

[1] The Supreme Court of Texas has not yet addressed this issue.

9

(noting that the First Court of Appeals has rejected the minority rule expressed in the *Frazier* case and other cases from the Second Court of Appeals) (mem. op.); *Dolcefino v. Randolph*, 19 S.W.3d 906, 925–27 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (rejecting the rule in the *Frazier* case and other cases from the Second Court of Appeals and holding that the trial court's ruling on a summary-judgment motion is not an implicit ruling on movant's objections to plaintiff's summary-judgment evidence). Under this court's precedent, the trial court did not implicitly sustain the Landlord's evidentiary objections or implicitly exclude Nguyen's affidavit by the trial court's granting summary judgment or by the language in the trial court's summary-judgment order. *See Transcontinental Ins. Co*, 321 S.W.3d at 700; *Dolcefino*, 19 S.W.3d at 925–27. Because the Landlord failed to obtain rulings on these evidentiary objections, the Landlord will not be heard to complain of them on appeal.

The Landlord also asserts that Nguyen's affidavit testimony that Aquarium Dental began operating its business on the Project before the Parkway Lease expired contradicts Nguyen's deposition testimony that she did not know when the business began operating. Relying upon *Farroux v. Denny's Restaurants, Inc.*, the Landlord argues that Nguyen's statement in her affidavit has no probative value because it contradicts her prior deposition testimony without any explanation for the change in testimony. *See* 962 S.W.2d 108, 111 (Tex. App.—Houston [1st Dist.] 1997, no pet.). But the record does not show that the Landlord objected to the affidavit on this basis in the trial court. Absent a timely objection and a ruling from the trial court, the complaint that a summary-judgment affidavit is a sham is waived for purposes of appellate review. *See Texas Mutual Ins. Co. v. Jerrols*, — S.W.3d—, —, 2012 WL 5306292, at *15, n.6 (Tex. App.—Houston [14th Dist.] Oct. 11, 2012, no pet. h.); *Browne v. Kroger Co.*, No. 14-04-00604-CV, 2005 WL

10

1430473 at *3 (Tex. App.—Houston [14th Dist.] June 21, 2005, no pet.) (mem. op.). Because the Landlord failed to preserve error, this court need not address in this case whether the Fourteenth Court of Appeals should adopt the "sham affidavit doctrine."[2] *See Jerrols*, 2012 WL 5306292, at *15, n.6.

Under the applicable standard of review, we conclude that the summary-judgment evidence raises a genuine issue of fact as to whether there was a competing business engaged in the practice of general dentistry on the Project before the Parkway Lease expired.[3] *See PAS, Inc. v. Engel*, 350 S.W.3d 602, 615–16 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (holding there was a genuine fact issue as to whether former employee competed with former employer in breach of his contract with the employer). Thus, the trial court erred in granting summary judgment based upon the first ground stated in its order.

## 2. *The Landlord's Alleged Breach of the Parkway Lease*

The trial court granted summary judgment as to Parkway's breach-of-contract and anticipatory-repudiation claims on the ground that Parkway failed to produce any competent summary-judgment evidence that the Landlord committed a material breach of the Parkway Lease. Parkway asserts that there is a genuine fact issue as to whether the Landlord materially breached the Parkway Lease. To

---

[2] This alleged contradiction relates only to Nguyen's testimony as to whether Aquarium Dental began operating its business on the Project before the Parkway Lease expired. As discussed above, Schuldt testified that Aquarium Dental began operating its business on the Project before the Parkway Lease expired.

[3] Parkway submitted excerpts from Dr. Pham's deposition, but this evidence was untimely. Parkway moved for leave to late-file this summary-judgment evidence. The trial court's order on this motion is arguably ambiguous as to whether the motion was granted or denied. We presume for the purposes of our analysis that the trial court denied the motion, and we do not consider this evidence in concluding that the summary-judgment evidence raises a genuine fact issue in this regard. We note that, if the trial court had granted this motion, the deposition excerpts also would have raised a genuine fact issue.

11

resolve this issue, we must construe the Parkway Lease, including the "Addendum Regarding Restrictions on Use of Project by Other Tenants." This addendum to the Parkway Lease contains the Covenant, under which the Landlord promised it would "not permit any portion of the Project to be used for a Competitive Business" unless there was an uncured default under the Parkway Lease by Parkway.[4] Under this provision, "Competitive Business" is defined as "Businesses practic[ing] . . . [g]eneral dentistry." As used in this provision, "Project" included the building or complex in which the leased premises were located, any of the common areas, as well as the parking areas in the shopping center. Under the unambiguous language of the Parkway Lease, the Project includes the parking areas that were developed into office space that was leased to Aquarium Dental after the execution of the Parkway Lease.

In construing contracts, our primary concern is to ascertain and give effect to the intentions of the parties as expressed in the contract. *Kelley-Coppedge, Inc. v. Highlands Ins. Co*., 980 S.W.2d 462, 464 (Tex. 1998). To ascertain the parties' true intentions, we examine the entire agreement in an effort to harmonize and give effect to all provisions of the contract so that none will be rendered meaningless. *MCI Telecomms. Corp. v. Tex. Utils. Elec. Co*., 995 S.W.2d 647, 652 (Tex. 1999). Whether a contract is ambiguous is a question of law for the court. *Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex. 1996). A contract is ambiguous when its meaning is uncertain and doubtful or is reasonably susceptible to more than one interpretation. *Id*. But, when a written contract is worded so that it can be given a certain or definite legal meaning or interpretation, it is unambiguous, and the court construes it as a matter of law. *Am. Mfrs. Mut. Ins. Co. v. Schaefer*,

---

[4] It is undisputed that there was no uncured default under the Parkway Lease by Parkway. This part of the Covenant will not be restated in the analysis that follows.

124 S.W.3d 154, 157 (Tex. 2003).

We conclude that, under the unambiguous language of the Parkway Lease, (1) the parties placed no contractual restriction on the Landlord's ability to convey the Tract and (2) the Parkway Lease does not impose an obligation on the Landlord to have any party to whom the Landlord might convey the Tract agree to be bound by the Covenant or to make a similar promise.[5]   Nonetheless, under the unambiguous language of the Parkway Lease, the Landlord breaches the Covenant if, during the term of that lease, any portion of the Project is used for a business involving the practice of general dentistry.  Thus, under the Parkway Lease, if the Landlord exercises its right to convey the Tract to a third party without having the third party agree to be bound by the Covenant or without taking other measures to prevent the use of any portion of the Project for a business involving the practice of general dentistry, then the Landlord runs the risk of breaching the Covenant.  As discussed in the previous section of this opinion, the summary-judgment evidence raises a genuine issue of fact as to whether, during the term of the Parkway Lease, any portion of the Project was used for a business involving the practice of general dentistry.  *See PAS, Inc.*, 350 S.W.3d at 615–16. Thus, there is a fact issue as to whether the Landlord breached the Parkway Lease.

The Landlord argues that, even if there is a genuine fact issue as to whether it breached the Parkway Lease, there is no genuine fact issue as whether any such

---

[5] In its appellate brief, Parkway states that it "does not contend that it was necessary for Landlord to require purchaser [sic] of a portion of the Project to abide by the terms of the [Covenant]."  In the third ground stated in the trial court's summary-judgment order, the trial court ruled that Parkway failed to produce any competent summary-judgment evidence of an agreement with the Landlord that prohibited the Landlord from selling part of the Project without requiring the purchaser to abide by the terms of the Covenant.  It is correct that Parkway failed to produce any such evidence, but that failure does not negate any essential element of Parkway's breach-of-contract claim or anticipatory-repudiation claim.  Therefore, the trial court erred in granting summary judgment based upon the third ground stated in its order.

breach was material.  *See Mustang Pipeline Co., Inc. v. Driver Pipeline Co., Inc.*, 134 S.W.3d 195, 199 (Tex. 2004) (listing factors to be considered in determining whether a breach of contract is a material breach).  Under the applicable standard of review, we conclude that the summary-judgment evidence, at a minimum, raises a genuine fact issue as to whether the Landlord committed a material breach of the Parkway Lease. *See PAS, Inc.*, 350 S.W.3d at 615–16.

In addition, we note that an anticipatory repudiation by the Landlord of its obligations under the Parkway Lease may constitute a breach of contract.  *See Owens v. Owens*, No. 14-01-01164-CV, 2003 WL 1986947, at *2 (Tex. App.—Houston [14th Dist.] May 1, 2003, no pet.) (mem. op.).  To prove an anticipatory repudiation, Parkway must show that the Landlord expressed in unequivocal and unconditional terms, and without just excuse, its intent not to perform under the Parkway Lease in the future.  *See id*.   Under the Parkway Lease the Landlord promised that, during the lease term, no portion of the Project would be used for a business involving the practice of general dentistry.   The summary-judgment evidence also includes the following:

- documents showing that the Tract was sold with no restriction as to whether a business involving the practice of general dentistry could operate on the Tract,

- the Aquarium Dental Lease, effective as of April 2007,[6] under which Aquarium Dental leases part of the Project to be used for its business,[7]

---

[6] The Landlord argues that the trial court implicitly sustained its objection to the Aquarium Dental lease by granting its summary-judgment motion and by language the trial court used in its order.  As noted in the previous section, under this court's precedent, the trial court did not implicitly sustain the Landlord's evidentiary objections or implicitly exclude this evidence by the trial court's granting summary judgment or by the language in the trial court's summary-judgment order.  *See Transcontinental Ins. Co*,  321 S.W.3d at 700; *Dolcefino*, 19 S.W.3d at 925–27.

[7] As discussed above, there is a genuine fact issue as to whether this business involves the

14

- a September 7, 2007 letter from a lawyer for Parkway reciting the Landlord's obligations under the Covenant, noting that Aquarium Dental intends to open an office soon on the Project, stating that opening this office would be a clear breach of the Parkway Lease, and threatening to file a lawsuit.

In her affidavit, Nguyen states that the Landlord (1) told Parkway part of the Project had been sold and (2) stated unequivocally to Parkway that there was nothing that the Landlord would do or could do about the competing dentistry practice. According to Nguyen, Parkway provided the Landlord with written notice of breach, but the Landlord failed to cure the breach. Based upon what the Landlord told her, Nguyen states that she knew that the Landlord did not intend to cure its breach of the Parkway Lease when it became clear that Aquarium Dental would be opening a dental office. Rather than waiting for the Aquarium Dental office to open, Parkway treated the Landlord's purported anticipatory repudiation as a breach and filed suit against the Landlord in November 2007. Under the applicable standard of review, we conclude that the summary-judgment evidence raises a genuine issue of fact as to whether the Landlord expressed in unequivocal and unconditional terms, and without just excuse, its intent not to perform under the Parkway Lease in the future. *See PAS, Inc.*, 350 S.W.3d at 615–16; *Owens*, 2003 WL 1986947, at *2. The summary-judgment evidence raises a genuine issue of fact as to whether the Landlord committed an anticipatory repudiation of its obligations under the Covenant. *See PAS, Inc.*, 350 S.W.3d at 615–16; *Owens*, 2003 WL 1986947, at *2.

For the foregoing reasons, we conclude that the summary-judgment evidence raises a genuine issue of fact as to whether the Landlord committed a material breach of the Parkway Lease. Thus, the trial court erred in granting

---

practice of general dentistry.

summary judgment based upon the second ground stated in its order.

### 3. *Damages Resulting From Alleged Breach of the Parkway Lease*

The trial court granted summary judgment as to Parkway's breach-of-contract and anticipatory-repudiation claims on the ground that Parkway failed to produce any competent summary-judgment evidence that Parkway suffered any harm or damages resulting from a material breach by the Landlord of any of its obligations under the Parkway Lease. We discussed genuine issues of fact regarding material breach in the previous section. The issue raised by this ground is whether there is a genuine issue of fact as to whether Parkway suffered any damages as a result of the Landlord's alleged anticipatory repudiation or breach of contract.

The goal in measuring damages for a breach-of-contract claim is to provide just compensation for any loss or damage actually sustained as a result of the breach. *See Phillips v. Phillips*, 820 S.W.2d 785, 788 (Tex. 1991); *Clear Lake City Water Auth. v. Friendswood Develop. Co.*, 344 S.W.3d 514, 523 (Tex. App.—Houston [14th Dist.] 2011, pet. denied); *Mays v. Pierce*, 203 S.W.3d 564, 577 (Tex. App.—Houston [14th Dist.] 2006, pet. denied); *Walden v. Affiliated Computer Servs., Inc.*, 97 S.W.3d 303, 328 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). Determining the proper measure of damages is a question of law for the court. *Walden*, 97 S.W.3d at 328. The normal measure of damages in a breach-of-contract case is the expectancy or benefit-of-the-bargain measure. *See Mays*, 203 S.W.3d at 577. The purpose of this measure of damages is to restore the injured party to the economic position it would have occupied had the contract been performed. *See Friendswood Develop. Co.*, 344 S.W.3d at 523; *Mays*, 203 S.W.3d at 577. Another measure of damages in a breach-of-contract case is the

16

reliance measure of damages. *See Mays*, 203 S.W.3d at 577. The purpose of this measure of damages is to put the injured party in as good an economic position as it would have occupied had the contract not been made. *See id.*; *Hart v. Moore*, 952 S.W.2d 90, 97 (Tex. App.—Amarillo 1997, pet. denied).

On appeal, Parkway asserts that, under the expectancy measure of damages, Parkway should be able to recover the profits it would have made had it exercised its option to renew the Parkway Lease for an additional five years. The Landlord argues that Parkway cannot recover these damages because Parkway failed to exercise this option under the Parkway Lease. This argument is contrary to the expectancy or benefit-of-the-bargain measure of damages, which is not based upon the facts as they actually occurred but instead is focused on what the injured party's economic position would have been if the contract had been fully performed.[8] *See Friendswood Develop. Co.*, 344 S.W.3d at 523.

Recovery of lost profits does not require that the loss be susceptible to exact calculation. *See Szczepanik v. First S. Trust Co.*, 883 S.W.2d 648, 649 (Tex. 1994) (per curiam). But, Parkway must prove the amount of lost profits by competent evidence and with reasonable certainty. *See id.* What constitutes reasonably certain evidence of lost profits is a fact-intensive determination. *See id.* At a minimum, opinions or estimates of lost profits must be based on objective facts,

---

[8] In the fourth ground stated in the trial court's summary-judgment order, the trial court ruled that Parkway had failed to produce any competent summary-judgment evidence that it was excused from complying with the Parkway Lease's "requirement to exercise the option for a second five year term and as a result, [the Landlord's] obligations under the [Lease] terminated no later than March 31, 2009." It is undisputed that Parkway did not exercise its option to extend the term of the Parkway Lease for an additional five years and that the Parkway Lease terminated on March 31, 2009. But that termination does not negate any essential element of Parkway's breach-of-contract claim or anticipatory-repudiation claim. Therefore, the trial court erred in granting summary judgment based upon the fourth ground stated in its order.

17

figures, or data from which the amount of lost profits may be ascertained. *See id.* Recovery of lost profits must be predicated on one complete calculation. *See id.* Lost profits are damages for the loss of net income to a business and, broadly speaking, reflect income from lost-business activity, less expenses that would have been attributable to that activity. *Miga v. Jensen,* 96 S.W.3d 207, 213 (Tex. 2002). The calculation of lost-profits damages must be based on net profits, not gross revenue or gross profits. *See Heine,* 835 S.W.2d at 83 n.l; *Kellman v. Workstation Integrations, Inc.*, 332 S.W.3d 679, 684 (Tex. App.—Houston [14th Dist.] 2010, no pet.). When a review establishes that the profits are not reasonably certain, the injured party has failed to prove lost profits as a matter of law. *See Szczepanik*, 883 S.W.2d at 649–50; *Holt Atherton Indus., Inc. v. Heine*, 835 SW.2d 80, 83–86 (Tex. 1992); *Capital Metro. Transp. Auth. v. Central of Tenn. Ry. & Navigation Co.*, 114 S.W.3d 573, 579–82 (Tex. App.—Austin 2003, pet. denied).

In response to the summary-judgment motion in which the Landlord asserted no evidence of contract damages, the only evidence that Parkway presented arguably relating to lost profits is the Nguyen affidavit. In that affidavit, Nguyen states twice that Parkway has lost profits since it was forced to close its office. Nguyen does not state an amount of profits that she thinks Parkway would have made if the Parkway Lease had been extended for an additional five years and if Aquarium Dental had not located on the Project. Nguyen does not provide an opinion or estimate of the amount of lost profits, if any, that Parkway suffered as a result of the Landlord's alleged breach of the Parkway Lease. Nguyen did not testify regarding any single calculation of lost-profits damages based on net profits. There is no indication in her affidavit that Nguyen was providing an opinion or estimate based on objective facts, figures, or data from which the amount of lost profits may be ascertained. There is no summary-judgment evidence that Parkway

18

suffered any reasonably certain business losses resulting from the Landlord's alleged breach. Under the applicable standard of review, the summary-judgment evidence filed by Parkway in response to the Landlord's no-evidence motion regarding breach of contract did not raise a genuine issue of fact as to whether Parkway suffered any lost profits or benefit-of-the-bargain damages resulting from the Landlord's alleged breach of the Parkway Lease. *See Szczepanik*, 883 S.W.2d at 649–50; *Holt Atherton Indus., Inc.*, 835 SW.2d at 83–86; *Kellman*, 332 S.W.3d at 684–87.

Parkway also asserts that there is a genuine fact issue regarding contract damages under a reliance measure of damages, based upon summary-judgment evidence showing that Parkway paid $230,000 on the build-out and move into its office space at the beginning of the Parkway Lease term. We conclude that Nguyen's affidavit raises a genuine issue of fact regarding these alleged reliance damages. *See Amigo Broadcasting, L.P. v. Spanish Broadcasting Sys., Inc.*, 521 F.3d 472, 485–87 (5th Cir. 2008) (applying Texas law and concluding there was a genuine fact issue regarding plaintiff's alleged reliance damages). The Landlord argues that Parkway failed to raise a genuine fact issue in this regard because Parkway did not show that the economic benefit it received during the five-year term of the Parkway Lease was less than $230,000. The purpose of the reliance measure of damages is to restore the injured party to the economic position it was in before it entered into the contract. *See Mays*, 203 S.W.3d at 577; *Hart*, 952 S.W.2d at 97. Once the plaintiff raises a genuine fact issue as to the expenditure of amounts that may be recovered under a reliance measure of damages, the burden of proving that the plaintiff should not recover these amounts because of an economic benefit received by the plaintiff falls upon the defendant, not upon the plaintiff. *See Amigo Broadcasting, L.P.*, 521 F.3d at 485–87. Because the Landlord had the

burden of proof on this issue, it is not the proper basis of a no-evidence summary-judgment motion.[9]  *See* Tex. R. Civ. P. 166a(i); *Nowak v. DAS Investment Corp*., 110 S.W.3d 677, 679–81 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Therefore, Parkway's evidence was sufficient to raise a genuine issue of fact in response to the Landlord's assertion that there was no evidence of damages.  *See* Tex. R. Civ. P. 166a(i); *Nowak*, 110 S.W.3d at 679–81; *Amigo Broadcasting, L.P.*, 521 F.3d at 485–87.

For the foregoing reasons, we conclude that the summary-judgment evidence raises a genuine issue of fact as to whether Parkway suffered any harm or damages resulting from a material breach by the Landlord of any of its obligations under the Parkway Lease.  Thus, the trial court erred in granting summary judgment based upon the fifth ground stated in its order.

In sum, we conclude that the trial court erred in granting summary judgment on each of the five no-evidence grounds upon which the trial court dismissed Parkway's breach-of-contract and anticipatory-repudiation claims.  Accordingly, we sustain Parkway's first issue.

## B.     Did the trial court err in granting summary judgment as to the remaining claims?

Under the second issue, Parkway asserts that the trial court erred in granting summary judgment on the remaining claims based upon no-evidence and traditional grounds.  In the traditional motion for summary judgment, the Landlord

---

[9] After the trial court granted the Landlord's no-evidence summary-judgment motion as to the breach-of-contract and anticipatory-repudiation claims, the Landlord filed a traditional motion for summary judgment, which the trial court later granted.  In that motion, the Landlord asserted that the summary-judgment evidence proved as a matter of law that Parkway sustained no damages caused by the allegedly actionable conduct in Parkway's remaining claims.  But the Landlord did not assert that ground against the breach-of-contract and anticipatory-repudiation claims, so that ground is not relevant to our analysis in this section.

asserted the following traditional grounds, among others:

- Parkway's tort claims, except for fraud in the inducement, are barred by the economic-loss rule.

- A clause in the Parkway Lease negates the reliance element of Parkway's fraudulent-inducement claim as a matter of law.

- Parkway's claims for money had and received, restitution, and unjust enrichment fail as a matter of law due to the existence of a contract—the Parkway Lease—covering the subject matter of the parties' dispute.

The trial court granted summary judgment without specifying the grounds upon which it relied. Therefore, on appeal, Parkway must show that each independent summary-judgment ground asserted against its claims does not provide a basis for affirming the trial court's summary judgment. *See Ramco Oil & Gas Ltd. v. Anglo-Dutch (Tenge) L.L.C.,* 207 S.W.3d 801, 826 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). On appeal, Parkway has attacked various traditional summary-judgment grounds, but Parkway has not attacked the ground in which the Landlord asserts that the economic-loss rule bars all of Parkway's tort claims except for fraudulent inducement. Thus, as to these claims (common-law fraud, statutory fraud, and negligent misrepresentation), Parkway has not challenged all of the independent summary-judgment grounds upon which the trial court granted the traditional summary judgment, and, for this reason, we overrule the second issue as to these tort claims. *See Navarro v. Grant Thornton, LLP,* 316 S.W.3d 715, 719–20 (Tex. App.—Houston [14th Dist.] 2010, no pet.). As to the fraudulent-inducement claim, on appeal, Parkway has not attacked the second ground listed above, in which the Landlord asserts that a clause in the Parkway Lease negates the reliance element of Parkway's fraudulent-inducement claim as a matter of law. Thus, as to Parkway's fraudulent-inducement claim, Parkway has not challenged all of the independent summary-judgment grounds upon which the

21

trial court granted the traditional summary judgment. Accordingly, we overrule the second issue as to the fraudulent-inducement claim. *See Navarro*, 316 S.W.3d at 719–20.

In a traditional summary-judgment ground, the Landlord asserted that, because the Parkway Lease covers the subject matter of the parties' dispute, any claims for money had and received, restitution, and unjust enrichment fail as a matter of law. *See Oliver v. Hill*, No. 01-10-00475-CV, 2011 5026401, at *3 (Tex. App.—Houston [1st Dist.] Oct. 20, 2011, no pet.) (noting that, when an express contract covers the subject matter of the parties' dispute, as a general rule, there can be no recovery under quasi-contract theories such as money had and received and unjust enrichment) (mem. op.). On appeal, Parkway is not arguing that Parkway Lease does not cover the subject matter of the parties' dispute or that an exception to the general rule applies. Instead, Parkway asserts that these claims have been pleaded in the alternative and that these claims may be viable if the Parkway Lease is unenforceable or if the Parkway Lease never came into existence. But the summary-judgment evidence does not raise a genuine fact issue as to either possibility. In addition, Parkway asserts that, if this court reverses the trial court's summary judgment as to the breach-of-contract and anticipatory-repudiation claims, then this court should reverse the summary judgment as to these claims. But this summary-judgment ground is based upon the existence of the Parkway Lease, not upon the Landlord's entitlement to summary judgment as to the breach-of-contract and anticipatory-repudiation claims. Even though this court is reversing the trial court's summary judgment as to these claims, this ruling does not alter the existence of the Parkway Lease, a contract covering the subject matter of the parties' dispute. Thus, Parkway's appellate arguments as to money had and received, restitution, and unjust enrichment lack merit. Presuming, without

deciding, that restitution is an independent claim, we overrule the second issue as to the claims for money had and received, restitution, and unjust enrichment.

The second issue is overruled as to all of Parkway's remaining claims.

**C.    Did the trial court err in rendering judgment based upon the jury's verdict and awarding the Landlord reasonable attorney's fees as a prevailing party?**

Under its third issue, Parkway asserts various challenges to the trial court's rendition of judgment awarding the Landlord attorney's fees as a prevailing party under section 41 of the Parkway Lease, which provides as follows:

> **Attorney's Fees**. Any signatory to this Parkway Lease Agreement who is the prevailing party in any legal proceeding against any other signatory brought under or with relation to this Parkway Lease or this transaction shall be additionally entitled to recover court costs, reasonable attorneys fees, and all other out-of-pocket costs of litigation, including deposition, travel and witness costs, from the non-prevailing party.

The term "prevailing party" is not defined in the Parkway Lease, so we presume the parties intended this term to be given its ordinary meaning. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005). As used in this provision of the Parkway Lease, the ordinary meaning of "prevailing party" is "a party who successfully prosecutes an action or successfully defends against an action on the main issue." *See Chevron Phillips Chemical Co., L.P. v. Kingwood Crossroads, L.P.*, 346 S.W.3d 37, 72 (Tex. App.—Houston [14th Dist.] 2011, pet. filed); *Emery Air Freight Corp. v. Gen. Transp. Sys., Inc.*, 933 S.W.2d 312, 315–16 (Tex. App.—Houston [14th Dist.] 1996, no pet.), *disapproved of on other grounds by Evanston Ins. Co. v. ATOFINA Petrochemicals, Inc.*, 256 S.W.3d 660 (Tex. 2008). Under the unambiguous language of the Parkway Lease, the Landlord is entitled to recover reasonable attorney's fees if it successfully defends

on the main issue in an action brought against it by Parkway relating to the Parkway Lease or that transaction. *See Chevron Phillips Chemical Co., L.P.*, 346 S.W.3d at 71–72; *Emery Air Freight Corp.*, 933 S.W.2d at 315–16.

On appeal, Parkway asserts that the Landlord is not a prevailing party under section 41 of the Parkway Lease. The trial court based its determination that the Landlord was a prevailing party in part on the dismissal of Parkway's breach-of-contract and anticipatory-repudiation claims. Because we have reversed the trial court's summary judgment in this regard, we also must reverse the trial court's award of attorney's fees and litigation costs under section 41 of the Parkway Lease. Accordingly, we sustain Parkway's third issue.

## V. CONCLUSION

The trial court erred in granting summary judgment as to Parkway's breach-of-contract and anticipatory-repudiation claims. The trial court did not err in granting summary judgment as to Parkway's remaining claims. Because we have reversed the trial court's summary judgment as to Parkway's breach-of-contract and anticipatory-repudiation claims, we also reverse the trial court's award of attorney's fees and litigation costs based upon its determination that the Landlord was a prevailing party under section 41 of the Parkway Lease. We sever, reverse, and remand Parkway's breach-of-contract and anticipatory-repudiation claims, as well as the parties' respective requests for attorney's fees and litigation costs. We affirm the remainder of the trial court's judgment.


/s/     Kem Thompson Frost
        Justice

Panel consists of Justices Frost, Brown, and Christopher.

24