**Affirmed in Part, Reversed and Remanded in Part, and Memorandum Opinion filed October 22, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-01166-CV

---

### YOBY FIEBIG, Appellant

### V.

### THOMAS FIEBIG, Appellee

---

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 10-CV-3668**

---

## M E M O R A N D U M   O P I N I O N

Thomas Fiebig and Yoby Fiebig are siblings and next-door neighbors. Thomas sued Yoby and Yoby's surveyor, claiming that Yoby erected a fence on Thomas's property. The trial court granted Thomas's traditional and no-evidence motion for summary judgment. We affirm the trial court's judgment against the surveyor, but we reverse the trial court's judgment against Yoby and remand for further proceedings.

BACKGROUND

According to Thomas, Yoby hired Christopher Trusky d/b/a Land Survey Company to prepare a survey of her property. Thereafter, Yoby constructed a fence along the property line as set forth in Trusky's survey between her property and Thomas's. Thomas commissioned several surveys in an effort to show that the fence was constructed on his property. When Yoby refused to remove the fence, Thomas sued Trusky for negligence and gross negligence and Yoby for trespass to try title for a portion of land measuring approximately 3.5 feet by 126 feet. Yoby answered with a general denial and affirmative defense.[1]

Thomas filed a motion for traditional summary judgment on his claims and no-evidence summary judgment on Yoby's and Trusky's affirmative defenses. Thomas attached his request for admissions sent to Trusky, which Thomas alleged in his summary judgment motion were deemed admitted because Trusky failed to respond. The pertinent alleged deemed admissions were that Trusky's survey was "flawed due to negligence" on his part and that his preparation of the survey for Yoby "fell so far below the standard of care of surveyors that [his] negligence exceeded normal negligence and was 'gross.'" Thomas also attached, among other evidence, (1) Trusky's survey; (2) an agreed order for discipline from the Texas Board of Professional Land Surveying, signed by Trusky; (3) a survey commissioned by Thomas from Deward Bowles of B & B Surveying Company; (4) Ordinance No. 81 from the City of League City requiring, among other things, a building line to be "five feet from side," and the deed of trust for the applicable subdivision requiring the same side setback; (5) a subdivision plat indicating the rear property lines for Yoby's and Thomas's properties respectively at 81.88 feet

---

[1] The nature of this defense is unclear from the language used. Indeed, Yoby concedes on appeal that whether this "defense" was an assertion that she had title to the land or was an "inartful" articulation of an adverse possession claim "is left to the imagination of the readers."

and 94.50 feet; and (6) Thomas's affidavit, which primarily addressed the amount of his damages.

Yoby responded with an affidavit from Trusky. Trusky testified that he has been a registered professional land surveyor since 1997 and has never had his license suspended or revoked. He testified that his survey "accurately reflects the property lines" between Thomas's and Yoby's properties and that the survey he performed "was done in a manner consistent with the standards and procedures to be used by a licensed professional land surveyor in the State of Texas." He testified further that the Bowles survey was "inaccurate and was performed in a manner that was not in accordance with those standards and measures to be used by licensed professional land surveyors in Texas." Trusky attached to the affidavit a summary of his survey and a summary of the Bowles survey, detailing eleven "specific reasons for which such survey fails to meet such requisite standards."

Trusky stated in the summary of his survey that his survey "was based on several monuments," including "rods found at both ends of the dividing lines between" Thomas's and Yoby's lots, and a monument found on a street adjoining Yoby's lot. Using these monuments, Trusky measured a distance for the south (rear) line of Yoby's lot that "very nearly" matched the called for distance of 81.88 feet shown in the subdivision plat. However, Trusky concluded that the actual distance for Thomas's lot was 90.96 feet rather than the 94.50 contained in the subdivision plat.[2]

Thomas filed a reply brief, and in the argument section, asked the trial court to strike Trusky's affidavit because Yoby's designation of experts was untimely.

_____

[2] Although apparently not part of the summary judgment record, Bowles's surveyor's report was attached to Thomas's first amended petition and the trial court's final order. Bowles acknowledged, "The subdivision map contains numerous mathematical errors and ambiguities."

The record contains no explicit ruling on the motion to strike.

The trial court signed a summary judgment for Thomas on his claims against both defendants and ordered that Thomas recover from Yoby $4,546.52, as well as pre- and post-judgment interest. The court wrote, "Further, the Court FINDS and it is therefore ORDERED that the true and correct boundary line between [Thomas's and Yoby's] property is correctly set forth in the 'B & B Survey.'"

Yoby appealed. Trusky is not a party to this appeal.

## ANALYSIS

Yoby contends the trial court erred by granting summary judgment to Thomas because there is a fact issue regarding the location of their common boundary, and Thomas failed to conclusively establish the measure of damages awarded. Thomas contends the trial court properly granted the summary judgment based on "legally sufficient evidence." Thomas further contends that Trusky's affidavit was inadmissible because of Yoby's untimely designation of Trusky as an expert, and Trusky's affidavit was incompetent because it conflicted with his deemed admissions.

We conclude that Trusky's affidavit was summary judgment evidence and raised a fact issue concerning the boundary line. Accordingly, the trial court erred by granting summary judgment for Thomas.

## I. Standard of Review

We review de novo the trial court's decision to grant a summary judgment. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009). The movant for a traditional summary judgment must show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289

4

S.W.3d 844, 848 (Tex. 2009). A plaintiff satisfies this burden by conclusively proving all elements of his claim, not by merely bringing legally sufficient evidence of his claim. *See Cullins v. Foster*, 171 S.W.3d 521, 530 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (citing *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986)). Evidence is conclusive only if reasonable people could not differ in their conclusions. *Kane v. Cameron Int'l Corp.*, 331 S.W.3d 145, 147 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

We consider the evidence in the light most favorable to the nonmovant, indulging reasonable inferences and resolving doubts in the nonmovant's favor. *Id.* We credit evidence favorable to the nonmovant if reasonable jurors could and disregard contrary evidence unless reasonable jurors could not. *Mann Frankfort*, 289 S.W.3d at 848.

## II. Trusky's Survey and Affidavit were Summary Judgment Evidence and Raised a Fact Issue Concerning the Boundary Line

Thomas acknowledges in his brief that the trial court did not rule on his motion to strike Trusky's affidavit based on Yoby's untimely designation. He does not suggest the trial court implicitly granted the motion to strike, and we do not indulge such an inference. *See Parkway Dental Assocs., P.A. v. Ho & Huang Props., L.P.*, 391 S.W.3d 596, 603–04 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (trial court did not implicitly grant movant's objections and exclude nonmovant's affidavit by granting summary judgment or by the language used in the summary judgment); *see also Trusty v. Strayhorn*, 87 S.W.3d 756, 764 (Tex. App.—Texarkana 2002, no pet.) ("[A]ssuming the failure to timely designate a testifying expert would bar consideration of that expert's affidavit as summary judgment proof, such a failure is a defect of form to which a party must object and

5

obtain a ruling to preserve error."). Accordingly, Trusky's affidavit was before the trial court as summary judgment evidence.

Thomas states in his brief that Trusky's deemed admission concerning his own negligence is "conclusively binding on [the] admitting party" and that Trusky's affidavit is incompetent evidence. *See* Tex. R. Civ. P. 198.3 ("A matter admitted under this rule is conclusively established as to the party making the admission . . . ."). However, matters admitted by one defendant are not conclusively established as to another defendant. *See Allen v. Allen*, 280 S.W.3d 366, 376 (Tex. App.—Amarillo 2008, pet. denied) ("In a suit against multiple defendants, evidence in the form of responses to requests for admissions made by one defendant is not admissible against other defendants."); *cf. Buck v. Blum*, 130 S.W.3d 285, 290 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (interrogatories cannot be used against codefendant). Further, Thomas waived the right to rely on Trusky's admissions by failing to object and obtain a ruling on the introduction of Trusky's affidavit on this basis. *See Marshall v. Vise*, 767 S.W.2d 699, 700 (Tex. 1989) ("[A] party waives the right to rely on an opponent's deemed admissions unless objection is made to the introduction of evidence contrary to those admissions."). Accordingly, Trusky's deemed admissions did not render Trusky's affidavit incompetent evidence as to Yoby.

Trusky's survey directly contradicted the Bowles survey as to the location of the boundary line. Trusky detailed his opinion and methodology based on found monumentation and criticized Bowles for disregarding certain monumentation. Trusky's survey and affidavit raised a genuine issue of material fact as to the boundary line between Thomas's and Yoby's properties. *See TH Invs., Inc. v. Kirby Inland Marine, L.P.*, 218 S.W.3d 173, 203 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) ("Texas law is well settled that unless the facts are undisputed,

6

the location of a survey line, as it was run on the ground by the original surveyor, is a question of fact for the jury."). On this record, the question of "which of the competing surveys accurately shows the location of the line as found by [the original surveyor] is a question of fact." *Id.* at 204.

In his motion for summary judgment, but not on appeal, Thomas attacked Trusky's opinion because Trusky had agreed to a disciplinary order with the licensing board; Trusky's survey would have rendered Thomas's house in violation of the City of League City ordinance and deed of trust for the subdivision; and Trusky's survey contradicted the called distance of Thomas's rear property line as found in the subdivision plat. Thomas does not suggest this evidence conclusively negates Trusky's survey, and we must view the evidence in the light most favorable to Yoby on summary judgment. Further, we note that "[s]light discrepancies in called distance are not unusual even under the improved surveying techniques of today." *Young v. Gardner*, 507 S.W.2d 250, 264 (Tex. Civ. App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.) (discrepancy between survey and deed was 9.15 feet). Accordingly, the summary judgment cannot be affirmed on these bases.

From the summary judgment evidence before the trial court, which included Trusky's survey and affidavit, Thomas failed to conclusively establish the boundary line. There is a genuine issue of material fact as to the location of the boundary line, and the trial court erred by granting summary judgment to Thomas. Yoby's first issue is sustained.

## CONCLUSION

We affirm the trial court's judgment against Trusky, which was not appealed. Having sustained Yoby's first issue, we reverse the trial court's judgment against Yoby and remand for further proceedings.[3]


/s/           Sharon McCally
                   Justice


Panel consists of Justices Christopher, McCally, and Brown.

---

[3] Because we reverse the trial court's judgment as to Yoby, we do not address Yoby's second issue concerning damages. *See Owens v. Owens*, No. 14-01-01164-CV, 2003 WL 1986947, at *3 n.2 (Tex. App.—Houston [14th Dist.] May 1, 2003, pet. dism'd) (mem. op.); *see also* Tex. R. App. P. 47.1