# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

=====

### NO. 03-14-00291-CV

=====

**Michael Glenn Mott, Appellant**

**v.**

**Willie Edward Kellar a/k/a W. E. Kellar; Joseph G. Tuck, Individually; and
Tuck & Kizer, PLLC, a Professional Limited Liability Company, Appellees**

=====

**FROM THE DISTRICT COURT OF BASTROP COUNTY, 423RD JUDICIAL DISTRICT
NO. 423,2157, HONORABLE CHRISTOPHER DARROW DUGGAN, JUDGE PRESIDING**

=====

### M E M O R A N D U M   O P I N I O N

Appellant Michael Mott appeals from a summary judgment in favor of Willie Edward

Kellar and Joseph G. Tuck, Kellar's attorney, in a suit involving the sale of real estate. In four issues

on appeal, Mott contends principally that the trial court erred when it granted the appellees' motion

for summary judgment. On the record before us, we must reverse the trial court's summary judgment.

### BACKGROUND

In 1999, Mott and Kellar entered into a contract for deed for certain property in

Bastrop County.[1] Under this contract, Mott agreed to make monthly payments to Kellar for

---

[1] "A contract for deed is a form of real property conveyance in which the purchaser obtains
an immediate right to possession but the seller retains legal title and has no obligation to transfer
it unless and until the purchaser finishes paying the full purchase price . . . ." *Shook v. Walden*,
368 S.W.3d 604, 624 (Tex. App.—Austin 2012, pet. denied) (citing *Flores v. Millennium Interests,
Ltd.*, 185 S.W.3d 427, 429 (Tex. 2005)).

180 months and to pay taxes on the property, and Kellar agreed to deliver to Mott the deed to the property after Mott had paid the full amount due. In June 2012, evidently in response to efforts by Kellar to foreclose on the property, Mott filed a pro se petition in district court alleging that Kellar and Tuck had committed fraud and had failed to deliver the deed to Mott despite the fact that Mott had made all payments required by the contract. Liberally construing Mott's petition, *see Corona v. Pilgrim's Pride Corp.*, 245 S.W.3d 75, 78 (Tex. App.—Texarkana 2008, pet. denied) ("We review and evaluate pro se pleadings with liberality and patience . . . ."), we understand the petition to ask the district court to order that Mott have possession of the property and that Kellar deliver the deed to the property to Mott in accordance with the contract's terms.[2] In his answer, Kellar asserted that Mott was delinquent in his payments under the contract and had failed to pay taxes on the property for several years. In February 2014, Kellar and Tuck filed a motion for summary judgment that they explicitly style a "traditional" motion. The district court granted final summary judgment in the defendants' favor and dismissed Mott's claims in April 2014, and Mott then filed this appeal.

## STANDARD OF REVIEW

In his first and fourth issues, Mott contends that the district court erred in granting summary judgment in favor of Kellar and Tuck. We review summary judgments de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We take as true all evidence favorable

---

[2] Kellar separately brought a forced entry and detainer suit against Mott. A justice of the peace court rendered an eviction judgment in February 2013 ordering that Kellar have possession of the property. Mott appealed to the county court at law, and in April 2013, the county court signed a judgment ordering that Kellar have possession of the property. No party argues that the county court's judgment is somehow dispositive of the issues before us.

to the non-moving party, and we indulge every reasonable inference and resolve any doubts in the non-moving party's favor. *Id.* In a traditional summary-judgment motion, as the appellees have filed here, the movant bears the initial burden to show that he is entitled to judgment as a matter of law because there is no genuine issue of material fact. *See* Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). If the movant produces evidence entitling him to summary judgment, the burden shifts to the nonmovant to present evidence raising a fact issue. *See Phan Son Van v. Pena*, 990 S.W.2d 751, 754 (Tex. 1999).

## DISCUSSION

At the heart of this case is the question of whether Mott defaulted on the contract for deed by failing to make the required payments, and Kellar and Tuck bore an initial summary-judgment burden of showing that Mott was in default. Kellar and Tuck attached several exhibits to their motion for summary judgment, including, among others, a copy of the contract for deed, what appears to be an amortization schedule, a "Notice to Cure Default" purporting to inform Mott that he had failed to make payments required by the contract for deed and listing the amount of unpaid principal, interest, and taxes, and an "Affidavit of Default" declaring that Mott had defaulted on his obligations under the contract for deed. Assuming without deciding that Kellar and Tuck met their initial summary-judgment burden and that the burden shifted to Mott to raise a genuine issue of material fact, we conclude that Mott met his burden of raising a fact issue by filing a declaration in

3

support of his response to the defendants' motion for summary judgment.[3] In this document, Mott

included the following declaration:

> I made every payment on the subject contract for deed from June 1999 to October 2012—payments of $322.39 every single month for a total of $51,648 including principal of $30,060 and interest / tax payments of $21,698.

Mott went on to note in his declaration that the Bastrop fires had destroyed the property at issue.

In short, Kellar states that Mott failed to make the required payments, and Mott states

that he did make the required payments. This is a genuine issue of material fact. Consequently, the

trial court erred by granting summary judgment. Accordingly, we sustain Mott's first and fourth

issues.[4]

---

[3] The defendants filed a motion to strike Mott's response and declaration. However, we find no indication in the record that the trial court ever ruled on this motion to strike. "The general rule is that a party asserting an objection to evidence must obtain a ruling on that objection to preserve error." *Wilson v. Thomason Funeral Home, Inc.*, No. 03-02-00774-CV, 2003 WL 21706065, at *4 (Tex. App.—Austin July 24, 2003, no pet.) (mem. op.) (citing Tex. R. App. P. 33.1(a)(2)). Although the trial court later granted the defendants' motion for summary judgment, "[t]he granting of the motion for summary judgment does not necessarily implicitly overrule motions or objections." *Id.*; *see Parkway Dental Assocs., P.A. v. Ho & Huang Props., L.P.*, 391 S.W.3d 596, 604 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (stating that trial court did not implicitly exclude affidavit by granting summary judgment or by language in court's order, and noting that "most of the other intermediate courts of appeals that have addressed this issue" agree). Therefore, Mott's declaration remains part of the summary-judgment record.

[4] Because we have sustained Mott's first and fourth issues and will reverse and remand, we need not consider Mott's remaining issues on appeal. In addition, we deny Mott's request that we remand this cause to a different trial court judge.

## CONCLUSION

We reverse the trial court's summary judgment and remand this cause to the trial court for further proceedings consistent with this opinion.

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Reversed and Remanded

Filed:   August 5, 2015